𝔅𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

ANDERSON v. THE COMMONWEALTH.

MAY 19th, 1887.

1. CRIMINAL PROCEEDINGS— *Circumstantial evidence.*—While such evidence is often stronger and more satisfactory than direct evidence, yet it is the well-established rule that in a criminal case circumstantial evidence ought to be acted on with the utmost caution.   *Grayson's Case,* 6 Gratt. 712, and 7 Gratt. 613.
2. IDEM— *Case at bar.*—The evidence in the record, while creating a *suspicion* against the prisoner, does not prove his guilt to the exclusion of every reasonable hypothesis consistent with his innocence.

Error to judgment of circuit court of Buckingham county, rendered October 22d, 1886, affirming judgment of county court of said county, rendered July 16th, 1886, on the indictment of Samuel Anderson.

The prisoner was indicted in said county court for the malicious burning of a certain corn-house, the property of one Fitzgerald, the said corn-house, with the corn and other property therein, being of the value of six hundred dollars.   The statute under which the indictment was found enacts as follows :   " If any person maliciously burn any pile or parcel of wood, boards, or other lumber, or any barn, stable, corn-house, tobacco-house, stack of wheat, or

other grain, or of fodder, straw, or hay, or any other personal property, he shall, if the thing burnt, with the property therein, be of the value of one hundred dollars, be confined in the penitentiary not less than three nor more than ten years; and if it be of less value, he shall be so confined not less than two nor more than five years." Acts 1877–78, p. 287, § 4.

At the trial there was a verdict of guilty, whereupon the prisoner moved to set aside the verdict, because contrary to the law and the evidence, and for a new trial; but the court overruled the motion, and sentenced the prisoner to confinement in the penitentiary for a term of seven years, the period ascertained by the jury in their verdict. This judgment having been affirmed by the circuit court of the said county, a writ of error was awarded by one of the judges of this court.

*J. R. Moss* and *J. S. Wise*, for the plaintiff in error.

*R. A. Ayers*, Attorney-General, for the Commonwealth.

LEWIS, P., after stating the case, delivered the opinion of the court.

The evidence at the trial is certified with the record. That for the commonwealth was wholly circumstantial, the principal points of which, relied on to connect the prisoner with the alleged felony, are these:

1. That for some time before the burning the prisoner and the prosecutor, Fitzgerald, were not on friendly terms, though the latter testified that "just immediately before the burning there was a marked difference in the manner of "the prisoner towards him; that he was "particularly polite" And he also testified that he had had difficulties with others of his neighbors beside the prisoner.

2. That on several occasions, soon after the burning, the prisoner, in conversations with different persons, volunteered the statement that he had spent the night of the burning at Buckingham courthouse, some distance (how far, the record does not disclose,) from the scene of the burning. A witness also testified that he, the prisoner, was at his own house, in the country, in the neighborhood of the prosecutor's, about *daylight,* the next morning.

.3. That about 12:30 o'clock of the night of the burning, the prisoner was seen by a witness passing along the streets of Buckingham courthouse, going in the direction of the prosecutor's farm. And that the same witness, having occasion to go out again, about an hour and a half later, observed "a bright light in the direction of Mr. Fitzgerald's." The burning occurred about two o'clock in the night time.

4. That about ten days after the burning, the prisoner went to the house of the witness, Shoemaker, and taking him aside, said excitedly that a Richmond detective had been to his house, and that Eddie Johnson, a boy in his (the prisoner's) employ, had gone off with him ; that he did not know what Eddie was going to tell him, and inquired of the witness whether he could swear that the boy was not of good sense. To which the witness replied that he could not; that he thought the boy was of very good sense; whereupon the prisoner left him, and returned home.

5. That on the day the prisoner was arrested, and while on his way to appear before the magistrate by whom the warrant of arrest had been issued, he met the prosecutor, and said to him, " I want you to remember, Mr. Fitzgerald, when this thing has been done with, that an innocent man has been punished. I know who burnt your corn-house. It was Willis Shoemaker, and if you will go on my bail-bond, and let me stay out of jail to-night, I can see two men by whom I can prove it." He was, however, committed to jail, where he has since remained, and no effort on his part

was made to prove the truth of the above statement, either before the committing magistrate, or afterwards at the trial in the county court; nor were the names of the men dis· closed.

Such substantially is the evidence relied on by the Commonwealth to prove that the crime charged in the indictment was committed by the prisoner. We have made no allusion to the evidence to prove the *corpus delicti,* because upon that point there is no serious controversy. We will therefore assume, without reviewing the evidence, that in that particular the case of the Commonwealth is established. But does the evidence prove the guilt of the prisoner? We are very clearly of opinion that it does not. The most that can be justly said of it is that it merely excites *suspicion* against him, which is a very different thing from proving his guilt beyond a reasonable doubt; that is, to the exclusion of every reasonable hypothesis consistent with his innocence. It is needless, however, to comment upon it. The error is self-evident, and the verdict ought to have been set aside and a new trial awarded.

The evidence is circumstantial, and although it is true that such evidence is often stronger and more satisfactory than that which is direct, yet the well established rule, sanctioned by this court in numerous cases, is that circumstantial evidence in a criminal case ought to be acted on with the utmost caution. In *Johnson's Case,* 29 Gratt. 796, Judge Moncure, after laying down the rule, observed further that "where the evidence leaves it indifferent which of several hypotheses is true or establishes only some finite probability in favor of one hypothesis, such evidence cannot amount to proof, however great the probability may be." This proposition, he said, was literally taken from 1 Starkie on Evidence, 572, and correctly expounds the law. See also *Grayson's Case,* 6 Gratt. 712; S. C., 7 Id. 613; *Smith's Case,* 21 Id. 809; *Dean's Case,* 32

Id. 912; *Taliaferro's Case*, 77 Va. 411; *Pruner and Clark* v. *Commonwealth*, 82 Va. 115.

The judgment will therefore be reversed and the case remanded for a new trial.

JUDGMENT REVERSED.