STATE *vs.* JOSEPH SIGERELLA.

*Criminal Law—Rape—Assault—Child—What is Necessary to Prove.*

1.   Rape, in this State, has been held to be the carnal knowledge of a woman by force and against her will.   Force, either actual or presumptive, is, in legal contemplation, an essential element of rape, whether it be committed on a female over or under the age of consent.

2.   Upon proof of carnal penetration of a female of the age of consent, that is, of seven years or more, the burden is upon the prosecution to fully prove that the penetration was consummated by force and against her will, or by putting her in great fear and terror.   If sexual connection is obtained by moderate means, or with the consent or the silent acquiescense of the person, it cannot constitute the crime of rape in contemplation of law.   When the fact appears that sexual connection has been had against the consent of the woman, the law implies force.

3.   It is not necessary to prove the actual *emissio seminis* in order to constitute a carnal knowledge, but the carnal knowledge is deemed complete upon proof of an actual penetravit.

4.   In determining whether the crime of rape was committed, the jury may consider whether the child upon whom the assault is alleged to have been committed acted as one of her age, station and surroundings would naturally and probably have acted if she had been assaulted as charged in the indictment.   They may take into consideration the place and time of the alleged assault, the proximity of other people, the absence of any proof as to any outcry made by the prosecuting witness, her condition, environments and relations with her mother and other people with whom she was living at the time.

(*March* 17, 1909.)

LORE, C. J., and BOYCE and PENNEWILL, J. J., sitting.

*Andrew C. Gray*, Attorney-General and *Josiah O. Wolcott*, Deputy-Attorney-General for the State.

*Hugh M. Morris* for the defendant.

Court of Oyer and Terminer, New Castle County, March Term, 1909.

INDICTMENT found under *Section* 10, *Chapter* 127, *Revised*

*Code*, providing that "Every person who shall commit the crime of rape, or who shall carnally know and abuse a female child under the age of seven years, shall be deemed guilty of felony and shall suffer death."

The prosecuting witness was a child eleven years of age.

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—It is charged in this indictment that Joseph Sigerella, the prisoner at the bar, on the second day of January, 1908, in Wilmington Hundred, violently and feloniously did make an assault on one Mildred Virginia Poore, and her did violently, forcibly and against her will feloniously ravish and carnally know. The offense charged is that which is commonly known as rape.

We have been asked by the defendant to direct you to return a verdict of not guilty, for the reason that the law respecting the crime of rape prior to the year 1898 was repealed by an Act passed by the Legislature in that year, entitled, "An Act for the better Protection of Female Children," being *Chapter* 686, *Volume* 18, *Laws of Delaware*.

We decline to so direct you, because we are of the opinion that the statute referred to did not repeal, or in anywise affect, the existing law respecting the crime of rape.

Rape, in this State, has been held to be the carnal knowledge of a woman by force and against her will. Force, either actual or presumptive, is, in legal contemplation, an essential and indispensable element of rape, whether it be committed on a female over or under the age of consent. Upon proof of carnal penetration of a female of the age of consent, that is, of seven years of age or more, in this State, the burden is upon the prosecution to further prove to the satisfaction of the jury beyond a reasonable doubt, that the penetration was consummated by force and against her will, or by putting her in great fear and terror, before a conviction of rape can be had.

A rape can only be committed against the will of the female

and by force, or by putting her in great fear and terror; and if sexual connection is obtained by milder means, or in any other way with the consent or the silent submission of the party, it cannot constitute the crime of rape in contemplation of law. When the fact appears that sexual connection has been had against the consent of the woman, the law implies force.

Formerly, in a prosecution for rape, it was necessary for the State to prove not only an actual penetration but also the actual *emissio seminis*, in order to constitute a carnal knowledge; but it is now the law of this State that in a prosecution for rape, it should not be necessary to prove the actual *emissio seminis*, in order to constitute a carnal knowledge, but the carnal knowledge shall be deemed complete upon proof of an actual *penetravit*.

But while it is not necessary under the law for the State to prove more than an actual *penetravit*, and while the slightest penetration is sufficient, yet it must be shown beyond a reasonable doubt that there was an actual penetration, at least proof of some degree of entrance of the male organ within the *labia pudendum*, that is, the private parts of the female. And it must be also proved to the satisfaction of the jury beyond a reasonable doubt, that such penetration was made without the consent of the female.

In determining whether the crime of rape, with which the prisoner is charged in this case, was committed, you should carefully consider all the testimony in the case; you may consider whether the child upon whom the assault is alleged to have been committed acted at or about the time as one of her age, station and surroundings would naturally and probably have acted if she had been assaulted as charged in the indictment. In this connection, you may take into consideration the place and time of the alleged assault, the proximity of other people, the absence of any proof as to any outcry, or other noise made by the prosecuting witness, or of any complaint made by her for some time after the assault. But in passing upon the weight and effect of such circumstances, you should also carefully consider the tender years of the prosecuting witness, her condition, environments and

relation with her mother and other people with whom she was living at the time.

In cases where the evidence is conflicting, as in this case, it is the duty of the jury to reconcile such conflict if they can, but if they cannot do so, they should accept that testimony which they think under all the facts and circumstances of the case is most worthy of credit and belief.

The good character of the accused when proved is to be taken in connection with all of the other evidence in the case, and is to be given just such weight as in the judgment of the jury it is entitled to.

If you believe from the evidence in this case beyond a reasonable doubt that the prisoner did have sexual intercourse with the prosecuting witness at any time within the month of January of last year, and that such sexual intercourse was had by force and against the consent of the prosecuting witness your verdict should be guilty.

In conclusion we will say, that in every criminal case the accused is presumed to be innocent until his guilt is proved to the satisfaction of the jury beyond a reasonable doubt. If, after carefully and conscientiously considering and weighing all the evidence in this case, you should entertain a reasonable doubt of the guilt of the prisoner, that doubt must inure to his benefit and your verdict should be not guilty. But such a doubt must not be a fanciful, vague, speculative or mere possible doubt, but a reasonable, substantial doubt remaining in your minds after a careful consideration of all the evidence, and such a doubt as reasonable, fair-minded and conscientious men would entertain under all the facts and circumstances of the case.

Verdict, guilty.