STATE *vs.* BENNETT A. WILLIAMS.

**1.  WITNESSES—CONTRADICTION—LAYING GROUND FOR CONTRADICTION.**

In a prosecution for rape, a question asked prosecutrix for purpose of contradiction, if she had said to P., two or three days after the occurrence, and after it had been published in the paper, when he asked her if she was the one whose name had been published as being out in the park, that she was out there and was glad somebody came along, was insufficient, as the circumstances as to time, place, and persons present were not sufficiently embodied to lay ground for contradiction.

**2.  CRIMINAL LAW—OBJECTIONS—WAIVER.**

In a trial for rape, the failure of the state to object to a question to the prosecuting witness on cross examination, as a ground for contradiction, because the ground is not properly laid, does not preclude it from objection to the same question when the contradicting witness is called.

**3.  RAPE—WHAT CONSTITUTES.**

Rape is the carnal knowledge of a woman by force and against her will.

**4.  RAPE—FORCE—WHEN IMPLIED.**

Force, either actual or presumptive, is an essential element of rape, and the carnal knowledge must be consummated or effected by force and against the will of the prosecutrix, or by putting her in great fear and terror, and if had by milder means it cannot constitute the crime; but, where carnal knowledge is had against consent, the law implies force.

**5.  RAPE—CONSENT.**

Carnal knowledge, had with consent or silent submission of the female, does not constitute rape.

**6.  RAPE—"CARNAL KNOWLEDGE."**

"Carnal knowledge" is complete, upon proof of an actual penetration, without emission.

**7.  CRIMINAL LAW—WEIGHT OF EVIDENCE—IN GENERAL.**

In a criminal case, where the evidence is conflicting, the jury should reconcile the conflict, if they can; but, if they cannot do so, they should accept that testimony which they think, under all the facts and circumstances of the case, is most worthy of credit and belief.

**8.  RAPE—ADMISSIBILITY OF EVIDENCE—REPUTATION OF ACCUSED.**

In a prosecution for rape, evidence of the good reputation of the accused is admissible.

9. RAPE—ADMISSIBILITY OF EVIDENCE—REPUTATION OF PROSECUTING WITNESS.

In a prosecution for rape, proof of the reputation of the prosecuting witness for immorality and unchastity is to be considered, so far as it bears upon the question of consent.

10. RAPE—PRINCIPALS AND ACCESSORIES.

Under a statute (*Rev. Code* 1852, as amended to 1893, *p.* 975, *c.* 133, § 1) which provides that every person who shall abet, procure, command, or counsel any other person to commit any crime, or misdemeanor, shall be deemed an accomplice, and equally criminal as the principal offender, a defendant who was present at the commission of a rape, and who was at the time abetting, procuring, commanding, or counseling another person in the commission of such crime, is as guilty as the person who actually committed the crime.

11. CRIMINAL LAW—EVIDENCE—PRESUMPTION OF INNOCENCE.

In a criminal case the accused is presumed to be innocent until his guilt is proved to the satisfaction of the jury beyond a reasonable doubt.

12. CRIMINAL LAW—WEIGHT OF EVIDENCE—"REASONABLE DOUBT".

By "reasonable doubt" is not meant a vague, speculative, or mere possible doubt, but a real, substantial doubt, that remains after a careful consideration of all the evidence, and such a doubt as reasonable, fair-minded, and conscientious men would entertain under all the facts and circumstances of the case.

(*May* 15, 1911.)

PENNEWILL, C. J., and BOYCE and RICE, J. J., sitting.

*Andrew C. Gray*, Attorney General, and *Josiah O. Wolcott*, Deputy Attorney General, for the state.

*J. Frank Ball* and *Robert H. Richards* for the defendant.

RAPE (No. 48, March Term, 1911).

At a Court of Oyer and Terminer, for New Castle County, beginning May 15, 1911, the prisoner was placed upon trial upon an indictment charging that on the night of January 25, 1911, in Brandywine Park, he did rape or ravish one Laura Clichener.

At the trial the prosecuting witness was asked, in cross examination, the following question, laying the ground for contradiction, which question was not objected to by the state, viz.: "Did not you say to Walter Padroski, two or three days after this occurrence, and after it had been published in the paper, when he asked you if you were the one whose name had been published in the paper as being out in the Park,—that you were out there with this fellow Johnson, and that he was too slow and

you were glad that somebody had come along?" The witness denied having made such a statement.

The defense subsequently called said Padroski as a witness, and propounded to him the substance of the above question in order to contradict the prosecuting witness.

Gray, Attorney General, objected to the question because the ground for contradiction had not been properly laid in the original question put to the prosecuting witness, in that the said question did not specify the place where the alleged conversation took place, and the witness was entitled to have the time, place, circumstances, and persons present, embodied in the question, so as to give her notice and definitely direct her attention to the particular conversation inquired about.

Richards, of counsel for defendant, in arguing in favor of the admission of the question, cited *State v. George Brown*, 5 *Penn*. 440, where the court held that although when a witness is asked upon cross examination a question for the purpose of laying the ground for contradiction, counsel on the side of the witness has a right to require that the time, place, circumstances, persons present, etc., should be given, yet if he fails to exercise that right he cannot, when the contradicting witness is called, object to the question because the ground had not been properly laid; but has waived his right to object.

He therefore contended that the state had waived its right to object in the present case under the above authority. Gray, Attorney General, contended that notwithstanding the decision in the case of *State v. Brown*, the state was not required to object to the question when it did not lay the legal ground for contradiction, because if the state were required to do that, it would suggest to the opposing counsel the proper form of question, which would in effect be compelling the state to assist the defense in framing its questions properly so that it might call witnesses in contradiction of the state's witnesses.

PENNEWILL, C. J.:—The court are unanimously of the opinion that in the question propounded to the prosecuting witness, whom this witness is called to contradict, the ground was not properly laid; and we think the failure of the state to then object to the

question because the ground was not properly laid, does not pre-clude it from objecting now. The state did not thereby waive its right to object at this time. We sustain the objection to the present question.

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—The indictment in this case contains two counts—the one charging that the prisoner at the bar, Bennett A. Williams, did violently and feloniously make an assault upon Laura Clichener, the prosecuting witness, and her the said Laura Clichener did violently, forcibly and against her will feloni-ously ravish and carnally know.

It is charged in the other count that a certain person unknown to the grand jurors made such felonious assault upon the prose-cuting witness, and that the prisoner was present at the time of the commission of the felonious assault, abetting, procuring, com-manding and counseling the said certain person to the grand jurors unknown.

The prisoner denies that he either committed any assault upon the prosecuting witness, or that he abetted, procured, com-manded or counseled any person to commit the assault charged. The crime charged is that which is commonly known as rape, and is claimed by the state to have been committed by the prisoner about half-past ten o'clock on the night of the twenty-fifth of January of the present year, in Brandywine Park in this city and county.

[3-5] Rape is the carnal knowledge of a woman by force and against her will. Force, either actual or presumptive, is, in legal contemplation an essential and indispensable element of rape. Upon proof of the carnal penetration the burden is upon the state to further prove to the satisfaction of the jury, beyond a reasonable doubt, that the penetration was consummated or effected by force and against the will of the prosecutrix, or by putting her in great fear and terror, before a conviction can be had. If sexual inter-course is obtained by milder means, or with the consent or silent submission of the female, it cannot constitute the crime of rape

in contemplation of law. If, however, such connection is had against the consent of the female, the law implies force.

[6] Formerly, in a prosecution for rape, it was necessary for the state to prove not only an actual penetration but also the actual *emissio seminis*, in order to constitute a carnal knowledge; but it is now the law of this state that in a prosecution for rape it is not necessary to prove the *emissio seminis*, in order to constitute a carnal knowledge. The carnal knowledge is deemed complete upon proof of an actual *penetravit*.

[7] But while it is not necessary under the law for the state to prove more than an actual *penetravit*, and while the slightest penetration is sufficient, yet it must be shown beyond a reasonable doubt that there was an actual penetration, at least proof of some degree of entrance of the male organ within the *labia pudendum*, that is, the private parts of the female. And it must be also proved to the satisfaction of the jury beyond a reasonable doubt, that such penetration was made without the consent of the female. In cases where the evidence is conflicting, the jury should reconcile the conflict if they can, but if they cannot do so, they should accept that testimony which they think under all the facts and circumstances of the case is most worthy of credit and belief.

[8] The good reputation of the accused, when proved, is to be taken in connection with the other evidence in the case, and is to be given such weight as in the judgment of the jury it is entitled to.

[9] The reputation of the prosecuting witness for immorality and unchastity, when proved, is to be considered so far as it may have any bearing upon the question of consent of the prosecuting witness, if you find that the accused did have sexual intercourse with her.

If you believe from the evidence in the case beyond a reasonable doubt that the prisoner did have sexual intercourse with the prosecuting witness, as alleged in the indictment, and that such sexual intercourse was had by force and against the will of the prosecuting witness, your verdict should be guilty. And in the event of such a verdict you may recommend the defendant to mercy if it seems proper to you to do so.

[10] A statute of this state provides that—"Every person who shall abet, procure, command or counsel any other person, or persons, to commit any crime, or misdemeanor, shall be deemed an accomplice and equally criminal as the principal offender, and shall be punished in the same manner, and with the same punishment." *Rev. Code* 1852, as amended to 1893, *p*. 975, *c*. 133, § 1.

If, therefore, gentlemen of the jury, you should not be satisfied that the prisoner committed the felonious assault, or rape, charged, but do believe beyond a reasonable doubt, that such a crime was committed by some other person, and also believe beyond a reasonable doubt that the prisoner was present at the time abetting, procuring, commanding or counseling such other person in the commission of such crime, he would be as guilty as the person who actually committed the crime.

[11] In conclusion, we say that in any criminal case, the accused is presumed to be innocent until his guilt is proved to the satisfaction of the jury beyond a reasonable doubt. If, after carefully and conscientiously considering and weighing all the evidence in this case, you should entertain a reasonable doubt of the guilt of the prisoner, that doubt must enure to his benefit and your verdict should be not guilty. [12] But by such a doubt is not meant a vague, speculative or mere possible doubt, but a real, substantial doubt that remains after a careful consideration of all the evidence, and such a doubt as reasonable, fair-minded and conscientious men would entertain under all the facts and circumstances of the case.

Verdict, not guilty.