JOHN A. P. HARRIS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed July 28, 1916.

1.  Assignments of error not argued will be treated as having been abandoned.

2.  Testimony as to an extra judicial confession made by a defendant in a criminal prosecution is properly admitted over the objection that there has been no proof of the *corpus delicti,* when testimony as to the *corpus delicti* has been previously adduced, even though such testimony may not be entirely clear and satisfactory.

3.  In a criminal prosecution for carnal intercourse with an unmarried female under the age of eighteen years the following charge is not erroneous: "To constitute carnal intercourse there must have been actual contact of the male organ with the female organ resulting in penetration of the female by the male organ to some extent, but not necessarily to the extent of puncturing the hymen. It is also unnecessary for the State to prove emission of seed."

Writ of Error to Circuit Court, Pasco County; O K. Reeves, Judge.

Judgment affirmed.

*R. B. Sturkie,* for Plaintiff in Error;

*T. F. West, Attorney General,* and *Glen Terrell, As-sistant,* for the State.

SHACKLEFORD, J.—John A. P. Harris was convicted of the crime of having carnal intercourse with an unmar-ried female under the age of 18 years, the indictment be-ing based on Chapter 6974 of the Laws of Florida, (Acts of 1915, Vol. 1, page 487), which is as follows:

"An Act to Amend Section 3521 of the General Stat-utes of the State of Florida.

*Be it Enacted by the Legislature of the State of Florida:*

Section 1. That Section 3521 of the General Statutes of the State of Florida be and the same is hereby amended so as to read as follows:

3521. Carnal Intercourse With Unmarried Female Under Eighteen Years,—Whoever has carnal intercourse with any unmarried female of previous chaste character, who is at the time of such intercourse under the age of eighteen years, shall be punished by imprisonment in the State penitentiary not more than ten years, or by fine not exceeding two thousand dollars.

Sec. 2. This Act shall take effect upon its passage and approval by the Governor.

Became a law without the approval of the Governor."

Twelve errors are assigned, but the defendant states in his brief that he bases his argument upon two points, therefore we shall confine our discussion to these points, treating the other assignments as having been abandoned.

The first assignment argued is the seventh, which is as follows:

"Because the court erred in allowing the State witness, John C. Herron, to testify to an alleged confession made by the defendant, out of court, without proof of the corpus delicti."

The only authority cited in support thereof is Tucker v. State, 64 Fla. 518, 59 South. Rep. 941, wherein we held as follows: "Evidence of an extra judicial confession of guilt standing alone will not authorize a conviction on a criminal prosecution, even though the jury believe the confession was made as testified to and that it is true.   There should be some additional substantial evidence, direct or circumstantial, of the *corpus delicti.*"

We fully approve of this holding, but, unfortunately for the contention of the defendant, it cannot avail him, as the confession of the defendant as testified to by a State witness does not stand alone.   The prosecuting witness, Jessie Herron, prior to the testimony by another State witness as to such confession by the defendant, had testified as to the *corpus delicti*.   While it is true that this prosecuting witness was only 12 years of age and her testimony is not as clear and satisfactory as we would like, we think that it affords a sufficient basis for the testimony as to the confession of the defendant.

The other assignment is based upon the following portion of the general charge of the trial court: "To constitute carnal intercourse there must have been actual contact of the male organ with the female organ resulting in penetration of the female by the male organ to some extent, but not necessarily to the extent of puncturing the hymen.   It is also unnecessary for the State to prove emission of seed."

The only authority cited by the defendant in support of this assignment is Noble v. State, 22 Ohio State 541, which holds that *"Emissio seminis* is an essential ingre-

dient in the crime of incest." It will.be observed that the defendant in the instant case was not indicted for incest, but for having carnal intercourse with an unmarried female under the age of 18 years. Even in the cited case the court stated that if it were an open question in that State whether emission is necessary to constitute the crime of rape it is not at all unlikely that the court should feel constrained to decide such question in the negative, but that as it had been held that emission was essential to constitute the crime of rape, it would seem to follow from the words used in the respective statutes that emission was also essential to constitute the crime of incest. We cannot follow this holding. See Williams v. State, 53 Fla. 84, 43 South. Rep. 431, wherein we held as follows:

"Where an indictment charges that the defendant did unlawfully make an assault on a female child under the age of ten years, 'and her the said J. T. did unlawfully carnally know and abuse,' the following charge to the jury is not erroneous: 'The proof must show penetration of the female parts to some extent by the male organ. It is not necessary to prove emission of seed. Of course the fact of penetration must be shown by the evidence to the exclusion of and beyond a reasonable doubt;' and it is not erroneous to refuse the following instruction: 'While, as the court has charged you, the slightest penetration of the female organs is sufficient to constitute rape, yet it must appear from the evidence on the part of the State that the male organ actually penetrated the genitals of the female, and the burden of proving what part of the female sexual organs constitutes the genitals is upon the State like any other material allegation of the indictment.' " Also see the authorities therein cited. As was held in State v. Williams, 26 Del. (3 Boyce) 102, 80 Atl. Rep. 1004, "Carnal knowledge is complete, upon proof of

an actual penetration, without emission." See also State v. Sigerella, 23 Del. (7 Penn.) 311, 82 Atl. Rep. 31; People v. Courier, 79 Mich. 366, 44 N. W. Rep. 571; Brauer v. State, 25 Wis. 413; Bishop on Statutory Crimes (3rd ed.) §488. This assignment has not been sustained.

We do not discuss the sufficiency of the evidence to support the verdict, as that is not argued before us.

The judgment must be affirmed.

TAYLOR, C. J., and COCKRELL, WHITFIELD and ELLIS, JJ., concur.