## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### ROWLAND V. COMMONWEALTH.

#### January 20, 1927.

1. RAPE—*Penetration—Question for Jury.*—In a prosecution for rape the question of whether there was penetration is a question for the jury upon the evidence in the case.
2. RAPE—*Penetration—What Constitutes.*—The penetration necessary to constitute rape need only be slight.
3. RAPE—*Appeal and Error—Conflicting Evidence.*—On appeal from conviction for rape where the evidence was conflicting, the accused stands in the appellate court as on a demurrer to the evidence, and the appellate court is without power to interfere with the verdict of the jury whatever might have been its opinion if sitting as jurors.

Error to a judgment of the Circuit Court of the city of Norfolk.

*Affirmed.*

The opinion states the case.

*T. Helm Jones* and *Colgate W. Darden*, for the plaintiff in error.

*John R. Saunders, Attorney General, Leon M. Bazile* and *Lewis H. Machen, Assistant Attorneys General*, for the Commonwealth.

CAMPBELL, J., delivered the opinion of the court.

The plaintiff in error, hereinafter called the accused, a man thirty-four years of age, was convicted of rape upon a girl nine years old, and sentenced to the peni-

tentiary for thirty-five years.   The only assignment of error is that the verdict is contrary to the law and the evidence.

The testimony for the Commonwealth consisted of that of the child and her mother and the family doctor. It is not fit to print in its details, but the statement below is sufficient for the purposes of the case:

The child testified that the accused occupied the second story of the house of which her mother's family occupied the first story; that she was often upstairs and frequently ran errands for the accused for which he paid her five or ten cents or something; that on a number of occasions when she was in his rooms he had taken her up and laid her on his bed, pulled up her dresses and unbuttoned his pants and had placed his private parts between her legs, and that he had done this very often, three or four times a week, for some time; that the accused had hurt her; that she did not tell her mother until she was taken sick because the accused had threatened to kill her; and that the accused was the cause of her sickness.   The mother testified that her daughter became sick and complained of pain in her stomach, indicating her crotch, and, upon being questioned, told of her relations with the accused and claimed that he was responsible for her condition; that upon examining her private parts, she found a discharge of pus from the female organ and blood spots on her legs; that her daughter was very reluctant and only after being questioned for some time did she admit her relations with the accused.

The doctor testified as follows:   That he had examined Lilly Fowler, at the request of Mrs. Fowler, the child's mother; that he found an infection resembling a veneral disease, and that there was considerable discharge from the vagina; that there was no evidence

of penetration of the female organ; that he was unable to insert his finger in the female organ; that the hymen was intact. He stated further that there might have been penetration of the vulva, or outer portion of the organ, without injury to the hymen; that this penetration might or might not be discovered on medical examination; that the infection could have been the result of sexual intercourse. He testified further that, while the infection might have been the result of sexual intercourse, it might also have been due to other causes; that there might have been penetration of the vulva without his having discovered it; that there were no bruises around the female organ; that this infection might have been contracted by contact with any infected source.

The accused testified in his own behalf, and denied all knowledge of or connection with the offense charged, and alleged that the mother was his bitter enemy because he had threatened to report her for receiving stolen goods. He stated further, upon being questioned as to whether or not he had ever had a venereal disease, that seven or eight years ago, while living in New York, he had had some such trouble, but he had been cured; that upon being admitted to jail in Norfolk, Virginia, when charged with the crime for which he was being tried, he was subjected to a medical examination for venereal disease and found to be in good health.

The mother testified in rebuttal that she had never been charged by the accused with larceny, nor had she ever had any trouble with him, nor any animosity towards him.

[1, 2] The chief assault upon the testimony for the Commonwealth is that it does not show penetration. It is true that the girl herself testified that she did not

know whether there was penetration or not, but she also testified that he hurt her, that his conduct towards her had been going on several times a week "for some time," and that he was "the cause of her sickness." It is conceded by the Attorney General that there can be no conviction of rape without evidence of penetration, but whether there was penetration or not was a question for the jury upon the evidence in the case. The penetration necessary to constitute rape need be only slight, and the testimony of the doctor was that the vulva might have been penetrated without injury to the hymen.    To the same effect see *Poe* v. *State*, 95 Ark. 172, 129 S. W. 292; *Harris* v. *State*, 72 Fla. 128, 72 So. 520; *Watkins* v. *State*, 78 Texas Cr. 65, 180 S. W. 116; *State* v. *Lattin*, 29 Conn. 389.

[3] The accused stands in this court as on a demurrer to the evidence by him, and we are without power to interfere with the verdict of the jury, whatever might have been our opinions if sitting as jurors.    *Lawrence* v. *Commonwealth*, 30 Gratt. (71 Va.) 845; *Rogers* v. *Commonwealth*, 132 Va. 771, 111 S. E. 231.

The judgment of the trial court will be affirmed.

*Affirmed.*