212 So.2d 659 (1968)
Harry Clyde SELLERS, Appellant,
v.
The STATE of Florida, Appellee.
No. 67-942.
District Court of Appeal of Florida. Third District.
July 16, 1968.
*660 Robert L. Koeppel, Public Defender, and Herbert M. Klein, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Harold Mendelow, Asst. Atty. Gen., for appellee.
Before PEARSON and BARKDULL, JJ., and PIERCE, WILLIAM C., Associate Judge.
PER CURIAM.
The appellant was indicted for the crime of rape. He was tried by a jury and convicted, with a recommendation of mercy. He has perfected this appeal and urges error in the proceedings in the trial court in the following particulars: 1) That there is insufficient evidence to support the conviction because of a lack of evidence of "penetration" and, 2) That fundamental error was committed by the prosecutor in certain questions propounded to the defendant. We find no merit in either of the contentions, and affirm.
Some of the evidence was in conflict, but at this stage of the proceedings all conflicts in the evidence and reasonable inferences therefrom are resolved in support of the verdict. Boyd v. State, Fla.App. 1960, 122 So.2d 632; Crum v. State, Fla. App. 1965, 172 So.2d 24; Walden v. State, Fla.App. 1966, 191 So.2d 68. The victim, on more than one occasion, testified that the defendant placed his penis against her vaginal opening. There was direct testimony by an expert witness that male seminal fluid was found at least three and one-half inches within the vagina. Therefore, we find competent substantial evidence to establish the penetration. Williams v. State, 53 Fla. 84, 43 So. 431; Harris v. State, 72 Fla. 128, 72 So. 520; Craig v. State, 214 Md. 546, 136 A.2d 243; State v. Jones, 249 N.C. 134, 105 S.E.2d 513; 27 Fla.Jur., Rape, §§ 4 and 33; 75 C.J.S. Rape § 10(b); Accord, Nickels v. State, 90 Fla. 659, 106 So. 479.
As to the alleged improper questioning by the Assistant State Attorney, no objection was made, no motion was made to strike the answer, and no motion was made for mistrial. Counsel for the appellant relies upon the proposition of fundamental error. We fail to find any such upon the authority of State v. Jones, Fla. 1967, 204 So.2d 515 [no fundamental error in prosecutor's comment on failure of defendant to testify]; Farrington v. State, Fla.App. 1968, 207 So.2d 513 [no fundamental error in depriving defense counsel of right to closing argument, when no request was made for same in trial court].
*661 Therefore, for the reasons above stated the verdict, adjudication of guilt, and sentence here under review be and the same is hereby affirmed.
Affirmed.