## Alexandria
### RONALD LEWIS CHRISMAN
v.
### COMMONWEALTH OF VIRGINIA
No. 0397-85
Decided November 5, 1986

372

COUNSEL

E. Eugene Gunter, for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

BAKER, J.—Ronald Lewis Chrisman (appellant) appeals from an order of the trial court which approved jury verdicts that convicted him of violating Code § 18.2-361 (sodomy), Code § 18.2-370(4) (feloniously proposing an act of sexual intercourse to a child), and Code § 18.2-370(1) (feloniously exposing his genital parts to a child).

In this appeal, appellant asserts that the trial court erred by overruling his challenge for cause of three jurors. He further asserts that the trial court erred by permitting the Commonwealth to recall the victim and introduce further evidence after both sides

had rested and during the period when the trial court had under consideration a motion for acquittal. As a third issue, we consider the sufficiency of the evidence to sustain the sodomy conviction, which we address on appeal to attain the ends of justice. Rule 5A:18. Appellant did not present the question on appeal but had preserved the issue in the trial court by moving for acquittal of the sodomy charge, alleging failure to prove an essential element.

## I. JURY SELECTION

Appellant first asserts that *voir dire* disclosed that three of the prospective jurors should have been removed from the panel for cause.

One was asked by appellant whether, because of the nature of her employment as a pediatric nurse, she could give fair deliberation to the defendant and the Commonwealth without being "affected by those things." She replied that she could not be 100 percent sure. In response to questions from the trial court she stated that she believed she could judge the defendant fairly based on the evidence she heard and the law given her at the trial.

Another was asked whether his background as a social worker and his employment at the Veterans' Hospital, where he occasionally dealt with parent-child problems, would affect his deliberations in considering the guilt or innocence of the defendant. He answered that he believed he would be impartial, but was not 100 percent positive. In response to the trial court's question, the prospective juror replied that by limiting his consideration to the actual evidence and the instructions given by the trial court, he could give a "fair and impartial judgment" in the case.

The third challenged juror stated that she knew the defendant's wife's sister and her daughter, and that her aunt previously babysat for the daughter. She further stated that these facts would not prevent her from giving the defendant a fair trial.

Determination whether a juror is qualified is within the discretion of the trial court. *See Calhoun v. Commonwealth*, 226 Va. 256, 258-59, 307 S.E.2d 896, 898 (1983). In reviewing the determination made by the trial court, the entire *voir dire* must be examined, not just isolated statements. *Boggs v. Commonwealth*, 229 Va. 501, 515, 331 S.E.2d 407, 418 (1985), *cert.denied*, 106 S.

Ct. 1240 (1986); *Fitzgerald v. Commonwealth*, 223 Va. 615, 628, 292 S.E.2d 798, 805 (1982), *cert. denied*, 459 U.S. 1228 (1983). "The opinion entertained by a juror, which disqualifies him, is an opinion of that fixed character which repels the presumption of innocence in a criminal case, and in whose mind the accused stands condemned already." *Justus v. Commonwealth*, 220 Va. 971, 976, 266 S.E.2d 87, 91 (1980) (quoting *Slade v. Commonwealth*, 155 Va. 1099, 1106, 156 S.E. 388, 391 (1931)). Our review of all of the *voir dire* does not reveal any abuse of discretion in the trial court's determination with regard to the three jurors.

## II. LEAVE TO REOPEN

After the Commonwealth presented its evidence and rested, appellant moved to strike the evidence as to the sodomy charge and to enter an order of acquittal on the ground that the Commonwealth failed to prove penetration. The victim, who was the only witness to that charge, stated that the appellant kissed "me on the vagina" and "used his tongue and licked it and everything." The evidence as to penetration consisted of the following colloquy with the victim:

Q. Do you know what penetration means?
A. Yes.
Q. Did his tongue penetrate your vagina on this time in question . . . .
A. No.
Q. . . . in October?
A. No.
Q. Were any of these things ever your idea, or did you ever suggest any of these things?
A. No.
Q. Did he ever get mad at you if you wouldn't do it?
A. Sometimes.

In response to the motion to strike, the Commonwealth initially argued that proof of penetration was not necessary "in this type of oral sex." After hearing the arguments of counsel, the trial judge overruled the motion but stated that he would read *Ryan v. Commonwealth*, 219 Va. 439, 247 S.E.2d 698 (1978), "and make a definitive, or final ruling at a later time." Counsel for appellant

noted his objection and stated: "The defense rests." After reviewing the authority, the trial court returned to the bench and announced it was "of opinion that it should sustain the defendant's motion."

The Commonwealth then requested permission to reopen its case and to recall the victim in order to determine whether she understood the meaning of penetration. Appellant objected, noting that both parties had rested their case, and that because the victim had sat in the courtroom and heard all of the argument, reopening the case would be "highly prejudicial to the defendant to allow that to be done." No motion to separate witnesses had been made. The court permitted the victim to be examined out of the presence of the jury limited to the question of her understanding of the meaning of penetration. At the conclusion of that *voir dire* the trial court ruled that the Commonwealth could reopen for the sole purpose of showing what the witness thought was meant by the question to her regarding penetration, but that the prosecution could not "go into any matter with regard to licking or penetration by the mouth or tongue." The precise ruling of the trial judge was as follows:

The Commonwealth has introduced evidence on that, and would not be proper, in my opinion, to allow the Commonwealth to elaborate on that and try to establish that on reopening the case. But, the case will be reopened strictly and solely limited to what this witness (the victim) understood the question to mean when he (the Commonwealth Attorney) asked, "Was there penetration?" and, that is all. (clarification added).

Appellant again objected to the ruling on the grounds previously stated.

When the victim was further questioned in the presence of the jury she stated that she thought that penetration meant that she would not "be a virgin anymore." The trial judge then asked the Commonwealth: "Why don't you ask her penetration by what did she think you meant?" The Commonwealth complied and the witness responded: "The penis."

■ Whether the Commonwealth should be permitted to introduce additional evidence in chief after it has rested is a matter for

the sound discretion of the trial court, and in the absence of abuse, its judgment will not be disturbed on appeal. *Robinson v. Commonwealth*, 190 Va. 134, 141, 56 S.E.2d 367, 370-71 (1949). When all of the testimony has been concluded—and all of the witnesses excused—if the trial court exercises its discretion and permits the introduction of other testimony, the record must affirmatively show that the trial court abused its discretion if the appellate court is to reverse based on the trial court's ruling. *Mundy v. Commonwealth*, 161 Va. 1049, 1064, 171 S.E. 691, 696 (1933); *see also Hargraves v. Commonwealth*, 219 Va. 604, 608, 248 S.E.2d 814, 817 (1978). Here, the trial court placed a limitation on the additional evidence which could be produced and permitted the case to be reopened "strictly and solely limited to what this witness (the victim) understood the question to mean when he (the Commonwealth Attorney) asked, 'was there penetration?' " (clarification added). The trial court held that no additional evidence would be received on the issue whether there had been penetration. The evidence on the issue whether there was penetration remained unchanged. The trial court acted with due regard to conscientious judgment, not arbitrary action. *See Slayton v. Commonwealth*, 185 Va. 357, 367, 38 S.E.2d 479, 484 (1946). We hold that the trial court did not abuse its discretion by permitting the case to be reopened for the stated limited purpose.

## III.  THE SODOMY CHARGE

The victim, a female who was 13 years old at the time of the offense, was 15 years old at the time of the trial. Appellant was her stepfather. She related the following events:

Appellant sexually molested her for several years prior to September 1983, and on a night in October 1983, he approached her while he was nude and told her he wanted to make love to her. When she refused he obtained a knife, pointed it at her and told her to go to her bedroom where he followed a few minutes later. Appellant, still nude, proceeded to remove all of her clothing. He pushed her back on the bed and started kissing and licking her on the vagina. The record contains no evidence which in any way contradicts the account given by the victim establishing violations of Code §§ 18.2-370(1) and (4).

When the witness was recalled to testify in the presence of the jury she added only that she thought the word "penetration" meant that she would not "be a virgin anymore," and further thought that the Commonwealth Attorney was referring to the "penis." This testimony did not contradict her unambiguous statement that appellant's tongue did not penetrate her vagina.

To sustain a sodomy conviction, evidence of penetration is required. *Hudson v. Commonwealth*, 141 Va. 525, 527, 127 S.E. 89, 89 (1925); *see also Wise v. Commonwealth*, 135 Va. 757, 115 S.E. 508 (1923). The evidence of penetration, however, may be circumstantial. In *Rowland v. Commonwealth*, 147 Va. 636, 136 S.E. 564 (1927), the court sustained a rape conviction even though the victim was unable to state whether penetration occurred. The court there found that the record disclosed circumstances from which the jury could infer that penetration had occurred. *See id.* at 639, 136 S.E. at 565.

The case before us is distinguishable from *Rowland*. In this case, the circumstantial evidence of penetration was contrary to the direct evidence supplied by the victim, and both the circumstantial and direct evidence came from the same source. While circumstantial evidence is often stronger and more satisfactory than direct evidence, the established rule sanctioned by the Supreme Court of Virginia in numerous cases is that "circumstantial evidence in a criminal case ought to be acted on with utmost caution." *Anderson v. Commonwealth*, 83 Va. 326, 329 (1887).

> [C]ircumstantial evidence must always be scanned with great caution, and can never justify a verdict of guilty . . . unless the circumstances proved are of such a character and tendency as to produce upon a fair and unprejudiced mind a moral conviction of the guilt of the accused beyond all reasonable doubt.

*Dean v. Commonwealth*, 73 Va. (32 Gratt.) 912, 914 (1879). Here, the victim specifically stated that penetration did not occur. Under *Rowland*, if she had not denied penetration, the remaining circumstantial evidence may have sufficed to permit the jury to infer that the necessary element was proved to its satisfaction. But where the evidence leaves indifferent which of more than one hypothesis is true or establishes only some finite probability in favor of one over the other, such evidence is not sufficient to support the

conviction. *See Anderson*, 83 Va. at 329.

In view of the direct evidence from the victim, there is reasonable doubt on an element essential to support appellant's conviction of sodomy. In this case, to permit the jury to draw an inference which would contradict the direct evidence given by the person whose testimony created the circumstantial evidence is error.

For the reasons stated, we reverse the conviction for violation of Code § 18.2-361 (sodomy) and direct that it be dismissed with prejudice, and affirm the convictions for violation of Code §§ 18.2-370(1) and (4).

*Affirmed in part,*
*reversed in part.*

Coleman, J., and Keenan, J., concurred.