COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Fitzpatrick
Argued at Richmond, Virginia


CLARENCE DUKE

v.       Record No. 0967-95-2         MEMORANDUM OPINION[*] BY
                                      JUDGE JOHANNA L. FITZPATRICK
COMMONWEALTH OF VIRGINIA                   JUNE 4, 1996


              FROM THE CIRCUIT COURT OF SUSSEX COUNTY
                   Robert G. O'Hara, Jr., Judge

        Connie Louise Edwards for appellant.

        Eugene Murphy, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.



     Clarence Duke (appellant) was convicted in a bench trial of

rape in violation of Code § 18.2-61 and abduction with intent to

defile in violation of Code § 18.2-48.  On appeal, he argues that

the trial court erred in finding the evidence sufficient to prove

that he committed rape, specifically the essential element of

penetration.  Because appellant failed to present this argument

at trial, he is barred from now challenging the sufficiency of

this evidence on appeal.

     On September 10, 1994, the victim was in a motel parking lot

when appellant drove up, engaged her in conversation, and then

pulled her into his vehicle.  Appellant drove onto I-95 going

north and pulled over to the side of the highway a few miles

outside of town.  He forced the victim into the back of the car

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

and attempted to rape her, but was unable to penetrate her at that point.  He then continued driving, forcing the victim to perform oral sex on him.  Appellant pulled over again, had "sex" with the victim, and then let her go.

Appellant was charged with rape in violation of Code § 18.2-61, abduction with intent to defile in violation of Code § 18.2-48, and forcible sodomy in violation of Code § 18.2-67.1.  At trial, the victim testified that she protested appellant's advances and that he penetrated her when they had sex after pulling over a second time.  Appellant testified that the victim initiated the sexual contact by performing oral sex on him and that he had sex with her.  The Commonwealth introduced appellant's earlier statement, in which he admitted having sex with the victim.

At the end of the Commonwealth's evidence, appellant moved to strike, arguing that the Commonwealth had not established venue for the forcible sodomy charge.  At the conclusion of all the evidence, appellant did not renew his motion to strike. Appellant did not challenge the sufficiency of the evidence of penetration during his motion to strike or during closing argument.  The trial court found appellant guilty of rape and abduction with intent to defile, and sentenced him to twenty-five years for rape and twenty years with ten suspended for abduction.  The court dismissed the forcible sodomy charge.

"No ruling of the trial court . . . will be considered as a

basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "[I]n a bench trial, where a defendant wishes to preserve a sufficiency motion after presenting evidence, the defendant must make a motion to strike at the conclusion of all the evidence, present an appropriate argument in summation, or make a motion to set aside the verdict." Howard v. Commonwealth, 21 Va. App. 473, 478, 465 S.E.2d 142, 144 (1995). Additionally, "a challenge to the sufficiency of the Commonwealth's evidence is waived if not raised with some specificity in the trial court." Mounce v. Commonwealth, 4 Va. App. 433, 435, 357 S.E.2d 742, 744 (1987).

Appellant failed to raise the issue of the sufficiency of the evidence of penetration to support his conviction for rape either in his motion to strike at the conclusion of the Commonwealth's evidence, during his closing argument, or in a motion to set aside the verdict. Thus, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Accordingly, the decision of the trial court is affirmed.

Affirmed.

BENTON, J., dissenting.


I would hold that the question of the sufficiency of the evidence to prove the charge of rape should be reached under "the ends of justice." Rule 5A:18.

> It is only fair and proper to say that the point upon which we are [asked to reverse] the judgment does not seem to have been raised in the lower court. The point is one, however, which goes to the substance of the Commonwealth's case, and the failure to raise it at an earlier stage does not deprive the accused of the right to take advantage of it here.

Davis v. Commonwealth, 132 Va. 521, 524, 110 S.E. 356, 357 (1922). See also Johnson v. Commonwealth, 5 Va. App. 529, 534-35, 365 S.E.2d 237, 240 (1988). This Court may review a judgment "to attain the ends of justice" whenever an accused "has been convicted of a crime of which under the evidence he could not properly be found guilty." Ball v. Commonwealth, 221 Va. 754, 758-59, 273 S.E.2d 790, 793 (1981).

"One essential element of rape is penetration, however slight, of a vagina by a penis." Kehinde v. Commonwealth, 1 Va. App. 342, 345, 338 S.E.2d 356, 357 (1986). The testimony in this case established only that Duke and the victim "had sex." Convictions may not be based upon speculation, surmise, or conjecture. Thomas v. Commonwealth, 187 Va. 268, 272, 46 S.E.2d 388, 391 (1948). "The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is

4

charged." In re Winship, 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). As this Court stated when reversing a conviction to attain the ends of justice, "[i]n view of the direct evidence from the victim, there is reasonable doubt on an element essential to support appellant's conviction of [a sex offense]." Chrisman v. Commonwealth, 3 Va. App. 371, 378, 349 S.E.2d 899, 903 (1986).

Because the evidence did not prove the essential element of penetration of the vagina by a penis, I would reverse the rape conviction.