COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and Frank
Argued at Richmond, Virginia


ABRAHAM FELDER

                                    MEMORANDUM OPINION* BY
v.    Record No. 1617-98-2          JUDGE ROBERT P. FRANK
                                        AUGUST 3, 1999
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                    James F. D'Alton, Jr., Judge

           Mary Katherine Martin, Senior Assistant
           Public Defender (Office of the Public
           Defender, on brief), for appellant.

           Donald E. Jeffrey, III, Assistant Attorney
           General (Mark L. Earley, Attorney General, on
           brief), for appellee.


     Abraham Felder (appellant) appeals his conviction of two

counts of rape after a jury trial.  On appeal, he asserts that

the trial court erroneously:  (1) refused to suppress the entire

videotaped statement that he made to the police prior to his

arrest, (2) held that the indictments stated the dates of the

offenses with sufficient specificity, and (3) held the evidence

sufficient to support the convictions for rape.  For the reasons

that follow, we affirm the convictions.

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

## I. Background

Appellant was charged with three counts of rape. The indictments set forth the following dates for the rapes: (1) on or about July 1, 1996, (2) on or about August 1, 1996, and (3) on or about November 11, 1996. Appellant was found not guilty of the November 11, 1996 offense, but we recite the related facts because the discovery of the two prior offenses arose out of the circumstances surrounding the November 11, 1996 incident.

At trial, the victim, a twelve-year-old female child at the time of the offenses, testified that on November 11, 1996, she was outside her home when a friend of her mother asked her to bring her mother outside. The child testified that a neighbor, Abraham "Ham" Felder (appellant), was outside with her mother's friend and asked the child to come to his home for spaghetti. When she brought her mother outside, the child asked her mother if she could go to "Ham's" house for spaghetti. Her mother gave her permission to go to appellant's home.

The mother testified that when she finished talking with her friend, she realized that it was getting late. She went home and did not find the child there. She began looking for the child and went next door to appellant's home. She called out for the child three or four times, and as she approached appellant's home, she could hear bedsprings squeaking. Soon thereafter, the child opened the door. The child's hair and

-

clothing were in disarray.  The mother testified that she saw appellant run from the bed.

When the child went to "Ham's" for spaghetti, he told her that the spaghetti was on the kitchen table.  When she came out of the kitchen after getting the spaghetti, appellant locked the door, threw her on the bed and began taking her clothes off.  Appellant put her legs in the air and started putting his penis in her.  She testified that he put his penis in her "poo-poo," and indicated that her "poo-poo" is between her legs.  She also testified that appellant unlaced her bra and played with her breasts.  The child testified that she tried to get appellant off her, but was unable to do so.  He also put his hand over her mouth when she tried to speak.  The child testified that appellant jumped off her when her mother knocked on his door.

The mother took the child to the emergency room.  At the hospital, the child was examined by a sexual assault nurse examiner, Linda Sayers.  Sayers performed a sexual assault examination on the child which included a Physical Evidence Recovery Kit (PERK), an eighteen-step evidence collection process, a perineal exam of the vaginal area, and an internal exam of the vaginal wall and cervix.  As part of the PERK, Sayers collected head hair samples, collected the child's underwear, and performed a pubic combing.  Sayers noted that the child did not have pubic hair, so she was unable to get a sample.  Additionally, Sayers testified that she used an

-

ultraviolet light to look for semen on the child's body. Sayers swabbed the child's thighs, external genitalia, and vaginal vault. Sayers testified that she was able to use a speculum on the child during the internal exam because there was no evidence of a hymen, meaning that the child had been vaginally penetrated at some point. Sayers testified that it was unusual for a premenstrual twelve year old not to have a hymen. There were no tears or bruising in the child's genital area. Additionally, there were no signs of struggle on other parts of the child's body.

The child testified that she had sexual contact with appellant on two prior occasions. One occasion occurred when the child went to appellant's house while he was there eating chicken with his girlfriend's granddaughter. Appellant pushed her against the refrigerator and put "his thing back in" her. The child testified that this event occurred in the winter and it was cold outside.

The other occasion occurred at Christmas. Appellant bought the child a pair of Reebok sport shoes, and she went to his house. She testified that he got on top of her and started "putting his thing back in" her.

The Commonwealth introduced a videotaped statement that appellant gave the police on November 12, 1996. Investigator Covington testified that appellant followed him to the police station after Investigator Covington went to appellant's home

-

and invited him to come to the station.  Appellant drove his own car and stopped to pick up his girlfriend before driving to the station.  Investigator Covington testified that appellant was unaware that he was being videotaped.  Appellant told Investigator Covington that he did not touch the child on November 11, 1996, but that they had "played around" a couple of times.  He told Investigator Covington that the child took his penis out of his pants and played with it and "put it in" on two occasions in "the summertime."[1]  He agreed that his penis was in the child's vagina.  He asserted, however, that he never "did it to her."

The jury convicted Felder on two rape charges resulting from the events on or about July 1, 1996, and on or about August 1, 1996.  The jury acquitted appellant of the November 11, 1996 offense.

II.  Suppression of the Videotaped Statement

Appellant assigns error to the refusal of the trial court to suppress the entire videotaped statement he made to police on November 12, 1996.  We find no merit in this assignment of error.

---

[1] Although the transcript of the videotaped statement does not include appellant's statement that the two occasions occurred during the summer, appellant states on the actual videotape that the two occasions occurred during "the summertime."  The videotape was shown to the jury.

-

At the suppression hearing, the trial court ruled that appellant should have been advised of his rights under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), after his first admission that implicated him in a criminal act. The trial court suppressed all portions of the statement following appellant's first admission of sexual contact with the child. At trial, appellant's trial counsel renewed the motion to suppress the entire videotaped statement. The trial court denied the motion and confirmed its earlier ruling that suppressed only the portion of the statement following appellant's first admission of sexual contact. Appellant then elected to present the entire videotaped statement to the jury, rather than the partial statement allowed by the trial judge.

"'No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate--to invite error . . . and then to take advantage of the situation created by his own wrong.'" <u>Manns v. Commonwealth</u>, 13 Va. App. 677, 680, 414 S.E.2d 613, 615 (1992) (quoting <u>Fisher v. Commonwealth</u>, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988)). "'The defendant, having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position.'" <u>Id.</u> at 679, 414 S.E.2d at 615 (quoting <u>Clark v. Commonwealth</u>, 220 Va. 201, 214, 257 S.E.2d 784, 792 (1979)).

Appellant <u>requested</u> that the trial court admit the entire videotaped statement to the jury. In electing to do so, the

-

following was admitted into evidence which otherwise would have been inadmissible pursuant to the trial court's ruling: appellant's admission to Investigator Covington that he put his penis in the child's vagina; his agreement that he remembered other times he had sex with her; his admission that the child "grabbed" his penis and "put it in"; his admission that the child would take his penis out and "play with it"; and his admission that he put his penis in the child's vagina on two occasions in the summertime.

Appellant did not merely agree to the actions of the trial court, but requested the admission into evidence of the entire videotaped statement, which included inculpatory evidence. He now assigns error to the admission of the statement. We find no merit to his assignment as appellant cannot invite error and then challenge it on appeal. We hold, therefore, that appellant waived any objection to the admissibility of the videotaped statement, as he requested its admission into evidence.

III. Variance Between the Indictment Dates and the Evidence

Appellant challenges the trial court's denial of his motion to strike based on inconsistencies between the indictment dates and the evidence. We find this assignment of error without merit.

An indictment is not invalid "[f]or omitting to state, or stating imperfectly, the time at which the offense was committed when time is not the essence of the offense." Code

-

§ 19.2-226(6).  Time is not a material element of the offense of rape.  See Lear v. Commonwealth, 195 Va. 187, 193, 77 S.E.2d 424, 427 (1953).

In Marlowe v. Commonwealth, 2 Va. App. 619, 623-24, 347 S.E.2d 167, 170 (1986), this Court held

> [w]hen time is not an element of the crime charged, the jury verdict will stand if the evidence is sufficient to prove beyond a reasonable doubt that a crime occurred and that the defendant committed the crime, even though the evidence is such that there may be a reasonable doubt as to the day on which the offense occurred.  Such does not constitute a denial of due process of law.

Marlowe was an aggravated sexual battery case involving two minors under the age of thirteen.  Marlowe asserted an alibi defense and argued that the language "on or about" in the indictments allowed the jury to find him guilty even if it believed his alibi.  See id. at 624, 347 S.E.2d at 170.  This Court held that the alibi defense did not raise reasonable doubt because there was corroboration by an independent witness that the criminal events occurred and that Marlowe was the criminal agent, even though the evidence was not certain as to the specific date of one of the offenses.  See id.  Further, this Court stated that in cases involving a child victim, prosecutions would be precluded if the child was required to recall the exact date of the offense in order to obtain the conviction.  See id. at 625-26, 347 S.E.2d at 171.  Usually, such crimes against children are not discovered for a period of

-

time, and the Commonwealth's case would fail if it was required to prove the exact date of the offense against the child.  See id. at 626, 347 S.E.2d at 171.  "It is this same reasoning which permits the Commonwealth to prove the commission of the crime charged on a date different than that alleged in the indictment."  Id.

In this case, appellant was convicted of two counts of rape occurring on or about July 1, 1996 and on or about August 1, 1996.  Time is not an element of the offense of rape, and under Marlowe, the Commonwealth is not required to prove the exact date of an offense against a child as long as the evidence establishes beyond a reasonable doubt that a crime occurred and the defendant committed the crime.  Appellant did not raise an alibi defense.  Appellant, in the videotaped statement to the police, said that he had sexual contact with the child on two occasions in "the summertime."  Although the child testified that appellant had sex with her on three occasions--on November 11, 1996, when it was cold outside, and at Christmas--appellant, himself, admitted that the two occasions occurred during the summer.  We find that the trial judge did not err in overruling appellant's motion to strike as the evidence was sufficient to prove the offenses.

III.  Sufficiency of the Evidence to Prove Rape

Appellant challenges the trial court's denial of his motion to strike based on insufficiency of the evidence to prove

-

penetration, an essential element of the offense of rape.  We find this assignment of error without merit.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The judgment of the trial court will not be disturbed unless plainly wrong or without evidence to support it.  See id.  "'Additionally, the credibility of witnesses and the weight to be given their testimony are questions exclusively within the province' of the fact finder." May v. Commonwealth, 3 Va. App. 348, 356-57, 349 S.E.2d 428, 432 (1986) (quoting Barker v. Commonwealth, 230 Va. 370, 373, 337 S.E.2d 729, 732 (1985)).

"The penetration necessary to constitute rape need be only slight . . . ."  Rowland v. Commonwealth, 147 Va. 636, 639, 136 S.E. 564, 565 (1927).  In Rowland, the Supreme Court of Virginia upheld a rape conviction based on circumstantial medical evidence.  See id.  The doctor testified that, although the victim's hymen was intact, the vulva could have been penetrated without damaging the hymen.  See id.  The victim testified she did not know whether penetration occurred.  See id.

This Court, relying on the reasoning in Rowland, has defined penetration as "penetration of any portion of the vulva--which encompasses the 'external parts of the female sex

-

organs considered as a whole' and includes, beginning with the outermost parts, the labia majora, labia minora, hymen, vaginal opening and vagina."  Love v. Commonwealth, 18 Va. App. 84, 88, 441 S.E.2d 709, 712 (1994) (quoting 4 J.E. Schmidt, Attorney's Dictionary of Medicine V-106 (18th ed. 1990)).  Penetration of the vaginal opening is not required.  See id.

We held in Kehinde v. Commonwealth, 1 Va. App. 342, 345, 338 S.E.2d 356, 357 (1986) (citing Snyder v. Commonwealth, 220 Va. 792, 796, 263 S.E.2d 55, 57-58 (1980)), that penetration may be established solely by the victim's testimony "unless such testimony is inherently incredible or so contrary to human experience or usual human behavior as to render it unworthy of belief."  In Kehinde, the victim testified that the appellant "'stuck it in'" her, and explained that "'it'" meant the appellant's penis.  Id. at 346, 338 S.E.2d at 358.  We held that the victim's testimony was sufficient to establish penetration. See id.

In this case, the child testified that on the occasion when she went to appellant's house while he was eating chicken, he had her "against the refrigerator putting his thing back in" her.  On the other occasion, appellant got on top of the child and put "his thing back in" her.  She testified that a penis is "on somebody's thing," that she did not have a penis and indicated that a penis is located between the legs.  We find the victim's testimony similar to the testimony of the victim in

-

Kehinde and more conclusive than the evidence in Rowland. Additionally, appellant, in the videotaped statement, admitted that on two occasions he put his penis in the child's vagina and that he put his penis "to the lips." We, therefore, hold that the evidence is sufficient to establish penetration.

For these reasons, we hold that appellant waived his right to challenge the trial court's denial of his motion to suppress. We also hold that the trial court properly ruled that the indictments stated the dates of the offenses with sufficient specificity and that the evidence was sufficient to support the convictions for rape. Therefore, we affirm appellant's convictions.

Affirmed.

-