COURT OF APPEALS OF VIRGINIA

Present:  Judges Fitzpatrick, Overton and Senior Judge Duff
Argued at Alexandria, Virginia

LARRY MARVIN DIGGS
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1894-96-4    JUDGE JOHANNA L. FITZPATRICK
                                          JUNE 3, 1997
COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Thomas S. Kenny, Judge

          Thomas F. Koerner, Jr., for appellant.

          Margaret Ann B. Walker, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     On April 2, 1996, Larry Marvin Diggs (appellant) was

convicted in a jury trial of two counts of distribution of

cocaine.  On appeal, he argues that the trial court erred in

refusing to compel his brother, Stanley Diggs, to pull up his top

lip in order to show the jury his teeth.  For the reasons that

follow, we affirm the judgment of the trial court.

                                I.

     On April 25, 1995, Officer Richard Duranko, Jr. (Duranko)

was working undercover investigating drug transactions for the

Fairfax County Police Department.  With the assistance of an

informant, a "buy" was arranged for approximately 9:00 p.m. at a

well-lit 7-Eleven store parking lot located on Richmond Highway

in Fairfax County.

     At the appointed time, appellant and approximately five

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

other African-American males met Duranko and the informant in the parking lot. Appellant got out of his vehicle and approached the passenger side of Duranko's car where the informant was seated. He "cussed [the informant] out" for bringing a "white man" to the area to buy drugs. Appellant then called his brother, Stanley Diggs (Stanley), over to the car. Stanley gave appellant the amount of cocaine Duranko had requested previously, and appellant passed the cocaine to the informant, who then gave it to Duranko. Duranko paid $175 directly to appellant for the cocaine. The time to conduct this transaction was approximately five minutes.

During his investigation, Duranko examined photographs of both appellant and his brother, Stanley. Duranko obtained the license tag number of the car used by appellant in the transaction and identified appellant as the person from whom he purchased the cocaine. He confirmed appellant's identity by matching the registered owner of the car with appellant's photograph and driver information.

Another drug buy involving appellant was arranged for May 1, 1995. However, when Duranko arrived at the meeting place, he suspected that appellant was going to rob him, so he left without purchasing any cocaine. On May 2, 1995, at approximately 10:50 p.m., Duranko again met with appellant at a well-lit convenience store parking lot also located on Richmond Highway, negotiated a price of $180, and purchased crack cocaine directly from appellant. The time to conduct this transaction was

approximately three minutes.

The informant arranged for yet another exchange to occur on May 9, 1995. Duranko met appellant at the same convenience store at approximately 9:00 p.m. Appellant got into Duranko's vehicle for the exchange, and, after negotiating, Duranko paid him $175 for the drugs. The time to conduct this transaction was approximately five minutes.

On May 19, 1995, police executed a search warrant at appellant's residence. Appellant and his brother Stanley both lived at this address. When the search warrant was executed, appellant fled upon seeing the police officers. He turned himself in four days later.

At trial, Duranko was the Commonwealth's sole witness, and he testified that he had no doubt that appellant was the man who sold him cocaine on all three occasions. However, on cross-examination, Duranko admitted that, at appellant's preliminary hearing, he mentioned having noticed the person who sold him cocaine had a "gap tooth."

Appellant testified that he was present at the 7-Eleven store on April 25, 1995, but denied selling the cocaine. He stated that his cousin was the one who actually sold the drugs. Additionally, he testified that on May 2 and May 9, he was at home with his brother, Stanley Diggs. He admitted that he ran out of the apartment building at the time the search warrant was executed, but denied knowing that the men he ran from were police

officers.

Appellant called Stanley to testify. However, Stanley asserted his Fifth Amendment right against self-incrimination. Because appellant had no "gap" in his teeth, he requested the trial court to compel Stanley to show his teeth to the jury. The court granted the request, and appellant instructed Stanley to "smile" for the jury, and to "open your mouth a little bit wider." Stanley complied. However, when appellant additionally proposed that Stanley raise his upper lip to further exhibit his teeth to the jury, the trial court refused, stating, "Then that's as much as I'm going to require him to do. He's opened his mouth. That's as much as I'm going to require."

## II.

Appellant argues that the trial court erred in limiting his presentation of relevant evidence, because the "gap" evidence tended to prove that someone other than appellant committed the crimes. Thus, appellant contends that the court erred in refusing to compel the witness to lift his lip to further show his teeth to the jury. Appellant's argument is without merit.

An accused has the guaranteed right to present evidence pursuant to the Virginia Constitution, Article I, Section 8 ("in criminal prosecutions a man hath a right to . . . call for evidence in his favor"). "The right of an accused 'to call for evidence in his favor' includes the right to procure demonstrative evidence." Gibbs v. Commonwealth, 16 Va. App. 697,

699, 432 S.E.2d 514, 515 (1993) (quoting Cox v. Commonwealth, 227 Va. 324, 328, 315 S.E.2d 228, 230 (1984)).  However, the admission of demonstrative evidence lies within the sound discretion of the trial court, and will not be disturbed on appeal absent a showing of abuse.  Mackall v. Commonwealth, 236 Va. 240, 372 S.E.2d 759 (1988), cert. denied, 492 U.S. 925 (1989); Kehinde v. Commonwealth, 1 Va. App. 342, 338 S.E.2d 356 (1986).  "An appellant must demonstrate that the excluded evidence is relevant and material and that the party was entitled to have it introduced in order to establish on appeal that the trial court erred by excluding it."  Toro v. City of Norfolk, 14 Va. App. 244, 254, 416 S.E.2d 29, 35 (1992).  The evidence is material only if there is a reasonable probability that the result of the proceeding would have been different.  See, e.g., Robinson v. Commonwealth, 231 Va. 142, 151, 341 S.E.2d 159, 164 (1986).

The evidence in dispute, Stanley's "gap tooth," was not material, because there was no reasonable probability that it would have affected the end result of the proceeding.  The trial court directed Stanley to "smile" for the jury and the record reflects that he did.  Stanley was asked to open his mouth "wider" and he did.  The court commented to counsel that the witness had, in fact, "opened his mouth."  The trial court did not abuse its discretion by refusing to compel Stanley to further demonstrate his teeth to the jury.

Additionally, to require Stanley to contort his mouth would have presented an unrealistic scenario of what Duranko would have observed during the drug transactions.  See, e.g., Duncan v. Commonwealth, 2 Va. App. 717, 347 S.E.2d 539 (1986).  Moreover, at trial, Duranko did not describe Stanley as having a "gap tooth," and no evidence suggested that appellant and Stanley look alike.  Duranko repeatedly testified that he had no doubt "whatsoever" that he purchased cocaine from appellant.  Appellant himself testified that Stanley was "nowhere" near the drug transaction on April 25 and that Stanley was home on May 2 and May 9.

For the foregoing reasons, we hold that the trial court did not abuse its discretion in limiting appellant's demonstrative evidence.  Accordingly, the judgment of the trial court is affirmed.

Affirmed.