COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Lemons
Argued by teleconference


MICHAEL SCOTT SANDERSON

                                    MEMORANDUM OPINION* BY
v.    Record No. 1555-98-1          JUDGE DONALD W. LEMONS
                                       JANUARY 11, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                    Robert W. Curran, Judge

           William P. Robinson, Jr. (Robinson and
           Anderson, on brief), for appellant.

           Eugene Murphy, Assistant Attorney General
           (Mark L. Earley, Attorney General, on brief),
           for appellee.


     On appeal from his conviction for aggravated sexual battery

in violation of Code § 18.2-67.3, Michael Scott Sanderson

contends that the evidence was insufficient to sustain the

conviction.  We disagree and affirm the judgment of the trial

court.

     Where the sufficiency of the evidence is an issue on

appeal, an appellate court must view the evidence and all

reasonable inferences fairly deducible therefrom in the light

most favorable to the Commonwealth.  See Cheng v. Commonwealth,

240 Va. 26, 42, 393 S.E.2d 599, 608 (1990) (citations omitted).

-------------------------------------

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On May 9, 1997 the eleven-year-old victim (referred to herein as "EP"), spent the night at the home of her neighbor, Michael Scott Sanderson.  At one point in the evening, Sanderson emerged nude from the bathroom and asked EP to give him a towel. Later, clad in a nightgown, EP was watching television with Sanderson, his wife, EP's brother and Sanderson's son when Sanderson told EP to get into his bed.  EP awakened later to find Sanderson and his wife in bed with her.  At one point Sanderson and his wife argued over whether they would "make love."  According to EP, Sanderson rejected his wife's suggestion saying, "no, there's too may 'youngens' in the house."  Sanderson's wife angrily left the residence but returned after "four or five minutes."

After her return, Sanderson and his wife removed their clothing.  Sanderson moved closer to EP and took her hand and placed it on his bare left thigh.  She jerked her hand away. Then Sanderson slowly pulled up her nightgown and moved it up to her lower chest.  EP stated that "every time I was kind of pulling it down and he kept -- kept pulling it up" and further testified as follows:

> Q.  And when he got the nightgown to the highest point on your body, the highest point up, it was, like, on your upper stomach, wasn't it?
>
> A.  It was, like on my lower chest.
>
> Q.  Lower chest.  Was it -- it wasn't actually touching your breasts, was it?

-

A.  No.

Q.  It was just below your breasts?

A.  Yes.  And then he had his hand on, like,
the border of my -- well, part of his hand
was on my chest and -- but the nightgown
wasn't, it was just below it, and part of
his hand was on my stomach.

Thereafter, the trial judge asked EP to demonstrate where Sanderson's hand had been located on her body.  The transcript of the trial reveals that EP illustrated her testimony by "indicating" where Sanderson's hand had been.  The trial judge stated that EP had demonstrated that Sanderson's hand had been "at a point where her shirt has pockets, and it's -- what would be the breast pockets is where she's putting her hand."

EP also testified that Sanderson touched her lower stomach, though not "right on [her] private part."  She pulled down her nightgown and moved further from Sanderson, but Sanderson "scooted" closer to her again.  EP left the bed and slept on the couch in the living room for the remainder of the night.

At the conclusion of all the evidence, the trial judge stated,

It was very important for us to go through
the steps with the witness in terms of
determining exactly where it was that this
lady was touched.  And that's why the Court
asked her to stand up several times, to try
to put together where it was that the
conduct took place on the lady's body.

A person who sexually abuses a victim less than thirteen years of age is guilty of aggravated sexual battery.  See Code

-

§ 18.2-67.3(A).  "Sexual abuse is defined as "an act committed with the intent to sexually molest, arouse, or gratify any person, where . . .[t]he accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts."  Code § 18.2-67.10(6).  The term "intimate parts" means "the genitalia, anus, groin, breast, or buttocks of any person."  Code § 18.2-67.10(2).

Sanderson does not challenge his conviction based upon lack of intent; rather, the only question before us on appeal is whether he touched an "intimate part or material directly covering an intimate part."  When asked to demonstrate where Sanderson touched her, EP stood up and placed her hand "at a point where her shirt had breast pockets."  By doing so, the evidence proved that Sanderson had placed his hands either on her breasts or on material directly covering them.  As we have previously stated, the meaning of a victim's gestures is a factual matter which is to be resolved by the factfinder.  See Kehinde v. Commonwealth, 1 Va. App. 342, 347, 338 S.E.2d 356, 359 (1986).

For the first time on appeal, Sanderson suggests that "the record in this case is silent on whether [EP] was sufficiently developed to have breasts."  This claim was not raised in the trial court and is barred from consideration on appeal.  See Rule 5A:18; Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994).

-

Both Sanderson and his wife were nude in bed with EP. After Sanderson and his wife argued over whether they would "make love," Sanderson touched EP's breasts or the material directly covering her breasts as he was trying to pull up her nightgown. He had appeared nude before the child earlier that evening. He had placed her hand on his bare thigh. He touched her lower stomach with his hands. He "scooted" after her when she pulled away from him. We cannot say that the trial court was plainly wrong or without evidence to support Sanderson's conviction of aggravated sexual battery.

The conviction is affirmed.

<u>Affirmed</u>.

-