COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Felton and Kelsey
Argued at Richmond, Virginia


VAN D. ROBINSON, S/K/A
 VAN DERRICK ROBINSON
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0301-04-2              JUDGE WALTER S. FELTON, JR.
                                                        FEBRUARY 15, 2005
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                           Pamela S. Baskervill, Judge

            Kimberly G. Brawand, Assistant Public Defender (Office of the
            Public Defender, on brief), for appellant.

            Paul C. Galanides, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General, on brief), for appellee.


        Van D. Robinson was convicted in a bench trial of two counts of rape in violation of Code

§ 18.2-61.  On appeal, he argues that the trial court erred in finding the evidence sufficient to prove

he committed rape, specifically that the evidence failed to show the essential element of

penile-vaginal penetration.  Finding no error, we affirm Robinson's convictions.

                                        BACKGROUND

        "When a defendant challenges the sufficiency of the evidence on appeal, we must view

the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable

to the Commonwealth."  Ward v. Commonwealth, 264 Va. 648, 654, 570 S.E.2d 827, 831 (2002)

(citing Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)).  We

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

will not disturb the conviction unless it is plainly wrong or unsupported by the evidence. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987); see Code § 8.01-680.

So viewed, the evidence establishes that in October 2002 and again in November 2002, Robinson sexually assaulted the victim during her visits to her aunt's house. The victim's aunt is Robinson's guardian. At the time of the offenses, the victim was twelve years old and Robinson was sixteen years old. The victim testified that in October 2002, while she was staying the night at her aunt's house, Robinson "came up there and got on top of me and had sex with me." The victim explained that the phrase "had sex" meant that Robinson "put his thing into mines [sic]." When the Commonwealth asked "Private?" the victim answered, "Yes."

The following month, the victim again visited her aunt, at which time Robinson again "[h]ad sex with [her]" in her cousin's bedroom. The victim testified that during the second sexual contact, he ignored her pleas to stop. She also testified that Robinson had disrobed her on both occasions and wore a condom during both incidents.

Two days after the second incident, the victim told a teacher, "This boy named Van Robinson had sex with me." In early January 2003, Detective David Evans of the Petersburg Police Department met with the victim and her mother. Subsequently on January 7, 2003, Detective Evans interviewed Robinson, who initially told the detective that he "didn't have any sexual contact" with the victim. But after further questioning, Robinson eventually admitted he did have "sexual contact" with her in October and November 2002 at his guardian's house.

On September 6, 2003, the trial court found Robinson guilty of two counts of rape. It sentenced Robinson to commitment to the Department of Juvenile Justice for an indeterminate period for each offense. It suspended the commitments, ordered Robinson to be on supervised probation for an indefinite period, and that he pay court costs.

## SUFFICIENCY OF THE EVIDENCE

Although Robinson admitted that he engaged in some sexual contact with the victim, he contends the Commonwealth failed to prove penile-vaginal penetration, a necessary element of rape. He argues that the victim's testimony was insufficient to establish penile-vaginal penetration. We disagree.

In pertinent part, Code § 18.2-61 provides that a person is guilty of rape if that "person has sexual intercourse with a complaining witness who is not his or her spouse . . . and such act is accomplished (i) against the complaining witness's will, by force, threat or intimidation . . . or (iii) with a child under age thirteen as the victim, . . . ."

"'Penetration by a penis of a vagina is an essential element of the crime of rape; proof of penetration, however slight the entry may be, is sufficient.'" Johnson v. Commonwealth, 259 Va. 654, 682, 529 S.E.2d 769, 785 (2000) (quoting Elam v. Commonwealth, 229 Va. 113, 115, 326 S.E.2d 685, 686 (1985)). "This element, as with any other, may be established solely by the testimony of the victim unless such testimony is inherently incredible or so contrary to human experience or usual human behavior as to render it unworthy of belief." Kehinde v. Commonwealth, 1 Va. App. 342, 345, 338 S.E.2d 356, 357 (1986) (citation omitted). Furthermore, "[p]enetration can be established by circumstantial, as well as direct evidence." Id. at 347, 338 S.E.2d at 359 (citation omitted). Thus, "[e]vidence of the condition, position, and proximity of the parties . . . may afford sufficient evidence of penetration . . . ." Morrison v. Commonwealth, 10 Va. App. 300, 301, 391 S.E.2d 612, 612 (1990) (quoting Ryan v. Commonwealth, 219 Va. 439, 445, 247 S.E.2d 698, 702 (1978) (describing penetration in the context of sodomy)).

Here, the victim's testimony established that Robinson "came up there and got on top of [her] and had sex with [her]," while wearing a condom. When asked what she meant by "had sex" she replied, "he put *his thing into* mines [sic]." (Emphasis added).

- 3 -

This Court has previously stated that "[i]t cannot be expected that children will know enough to use the word 'vagina,' nor is such specificity required. It is enough if the trier of fact can reasonably infer from the evidence adduced where the penetration took place." Kehinde, 1 Va. App. at 346, 338 S.E.2d at 358. In Kehinde, an eleven-year-old victim testified that "he stuck it in me," with "it" meaning "penis," and that the penetration occurred "way down in there . . . I call it my stuff." Id. at 344-45, 338 S.E.2d at 356-57. She also pointed at a doll. The Court found the girl's testimony to be credible and "otherwise []worthy of belief as a matter of law," concluding that her direct testimony was sufficient to prove penile-vaginal penetration. Id. at 348, 338 S.E.2d at 359.

Case law in Virginia, as well as in other jurisdictions, includes decisions where words such as "sex," "rape," "intercourse," "sexual intercourse" and "sexual relations" have been found sufficient, in the context of the case to prove penile-vaginal penetration. See King v. Commonwealth, 165 Va. 843, 183 S.E. 187 (1936) (victim's testimony that she was "raped" and had "intercourse" with the defendant sufficient to prove rape); see also Watson v. State, 538 So. 2d 1216, 1218 (Ala. Crim. App. 1987) (victim's testimony that "[my father] had sex with me" and "he stuck the private thing in my private" sufficient to prove penetration for rape conviction); State v. Hubbard, 708 So. 2d 1099, 1103 (La. Ct. App. 1998) (evidence of penetration sufficient where victim testified positively that the defendant made her "have sex" with him); State v. Ahsford, 272 S.E.2d 126, 127 (N.C. 1980) (victim's use of the term "'intercourse' and sex with her [was] sufficient as shorthand statements of fact on the issue of penetration"); Hernandez v. State, 651 S.W.2d 746, 750 (Tex. Crim. App. 1983) (victim's testimony that "[h]e put his private thing in mine. . . . That means he had sex with me" was sufficient to corroborate accomplice testimony that rape occurred). See generally James L.

Rigelhaupt, Jr., Annotation, <u>What Constitutes Penetration in Prosecution for Rape or Statutory</u> <u>Rape</u>, 76 A.L.R.3d 163 (1977).

Robinson asserts that <u>McCall v. Commonwealth</u>, 192 Va. 422, 65 S.E.2d 540 (1951), and <u>Strawderman v. Commonwealth</u>, 200 Va. 855, 108 S.E.2d 376 (1959), support his contention that the victim's testimony was insufficient to prove penile-vaginal penetration.  In <u>McCall</u>, the Court found the evidence sufficient to prove sexual contact, but not rape, where the nine-year-old victim testified that although the defendant didn't remove her pants, "he done it to me" as she sat on his lap and where the evidence showed that her vagina appeared "irritated."  <u>McCall</u>, 192 Va. at 425, 65 S.E.2d at 541.  In <u>Strawderman</u>, the Court reversed the defendant's rape conviction, despite testimony of the five-year-old victim that the defendant "hurt her" and where there was evidence of vaginal penetration, because the examining physician's testimony that a penis was responsible for the penetration injuries to the victim's vagina was impermissible expert testimony as to the ultimate fact in issue for the jury to determine and "was, of necessity, pure speculation and guess."  <u>Strawderman</u>, 200 Va. at 859-60, 108 S.E.2d at 379-80.

In <u>McCall</u>, the victim was nine years old and in <u>Strawderman</u>, five years old.  Here, the victim had just turned twelve years old when the sexual incidents occurred and was twelve when she testified.  She clearly stated that "[h]e put his thing into mines [sic]" and affirmed to the trial court that she was talking about the parties' private parts.  The trial court noted that the victim's use of the term "into" connoted penetration, particularly when viewed with her testimony that Robinson undressed her, got on top of her and wore a condom when they "had sex."  In <u>King</u>, the Supreme Court stated,

> [I]t does not require the assistance of a logician or lexicographer to lead the jury to infer that when the prosecutrix said she was raped that she meant anything other than that the defendant had committed an act of sexual intercourse with her. . . .  [I]t would

> strain our credulity to reach the conclusion that she meant anything else than "sexual connection."

King, 165 Va. at 847-48, 183 S.E. at 189.

Considering the context in which the victim testified that Robinson "had sex" with her, the trial court reasonably concluded that she described penile-vaginal intercourse. "[C]ircumstantial evidence may be more compelling and persuasive than direct evidence, and when convincing, it is entitled to as much weight as direct evidence." Bridgeman v. Commonwealth, 3 Va. App. 523, 526, 351 S.E.2d 598, 600 (1986); see Morrison, 10 Va. App. at 301, 391 S.E.2d at 612 (although twelve-year-old victim was not asked whether penetration occurred, her testimony regarding circumstances surrounding incident and medical evidence of penetration were sufficient to prove rape); see also Velazquez v. Commonwealth, 263 Va. 95, 106, 557 S.E.2d 213, 215 (2002) (sixteen-year-old victim's statements that she felt pain "in her vagina" and that the defendant had "forced [her] to have sex with him" combined with the position and motion of the defendant's body and the length of time of his assault was sufficient to prove penile-vaginal penetration).

Robinson also argues that the absence of more descriptive testimony, combined with the victim's young age, supports his argument that "[a]mong juveniles, the terminology surrounding sex is varied and the term 'sex' may describe many acts . . . ." However, Robinson's argument that the word "sex," as commonly used by juveniles the victim's age, encompasses acts other than penile-vaginal penetration was not supported by any evidence presented to the trial court. From the totality of the evidence presented, the trial court could reasonably conclude that the victim meant penile-vaginal sexual intercourse when she said "he had sex with me," and "put his thing into mines [sic]" while he was wearing a condom.

Whether the victim described sexual intercourse with Robinson was a factual determination for the trier of fact.

The credibility of witnesses is a question exclusively for the [judge or] jury, and . . . they have the right to determine from the appearance of the witnesses on the stand, their manner of testifying, and their apparent candor and fairness, their apparent intelligence, or lack of intelligence, and from all the other surrounding circumstances appearing on the trial, which witnesses are more worthy of credit, and to give credit accordingly.

Zirkle v. Commonwealth, 189 Va. 862, 870, 55 S.E.2d 24, 29 (1949). Here, the trial court had opportunity to hear the victim's description of what happened. It found her testimony sufficient to establish that penile-vaginal penetration occurred.

Reviewing the record, we conclude that the testimony of the victim and evidence of the circumstances surrounding the two incidents were sufficient for a rational trier of fact to reasonably infer beyond a reasonable doubt that Robinson engaged in penile-vaginal penetration on both occasions. Accordingly, we hold that the trial court did not err in finding Robinson guilty of two counts of rape.

For the above reasons, we affirm Robinson's convictions of rape.

Affirmed.