COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Haley and Petty
Argued at Salem, Virginia


EDWARD JAMES TINSLEY

MEMORANDUM OPINION[*] BY
v.       Record No. 3022-05-3        JUDGE ROBERT J. HUMPHREYS
MAY 15, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
G. Carter Greer, Judge

Joseph R. Winston, Special Appellate Counsel (Office of Appellate
Defender, on briefs), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Robert F. McDonnell, Attorney General, on brief), for appellee.


Edward James Tinsley ("Tinsley") appeals his convictions of aggravated sexual battery,

animate object sexual penetration, and statutory rape, in violation of Code §§ 18.2-67.3,

18.2-67.2, and 18.2-61, respectively. Tinsley first asks this Court to invoke the "ends of justice,"

and consider his double jeopardy argument.[1] Tinsley also argues that the evidence was

insufficient to convict him of these crimes.[2] For the following reasons, we decline to invoke the

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Tinsley concedes that he did not raise the issue at trial and, thus, without the "ends of justice" exception, under Rule 5A:18 the issue is procedurally defaulted.

[2] Relying on Tooke v. Commonwealth, 47 Va. App. 759, 627 S.E.2d 533 (2006), Tinsley argues that "where the General Assembly intended only one conviction and one punishment, the evidence, as a matter of law, prove[s] but a single offense." Specifically, Tinsley contends that the evidence in this case is not sufficient to support both aggravated sexual battery and animate object penetration. Tinsley's reliance on Tooke is misplaced. In Tooke, this Court was called upon to decide whether Code § 46.2-894 contemplated multiple convictions for failure to stop at the scene of an accident. Tooke, 47 Va. App. at 765-66, 627 S.E.2d at 536. Whether a particular statute contemplates multiple convictions, and whether the evidence is sufficient to support three

"ends of justice" exception to reach the merits of the double jeopardy issue, and we hold that the evidence was sufficient to support Tinsley's convictions.

### A. "Ends of Justice" Exception

In order to invoke the "ends of justice" exception, there must be "proof of an error that was 'clear, substantial and material.'" West v. Commonwealth, 43 Va. App. 327, 338, 597 S.E.2d 274, 279 (2004) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989)). The record "'must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred.'" Id. (quoting Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997)).

Like other objections to alleged errors in the trial court, double jeopardy objections must be preserved before they can be considered on appeal. Id. at 339, 597 S.E.2d at 279-80; see also Hubbard v. Commonwealth, 207 Va. 673, 678, 152 S.E.2d 250, 253 (1967) (finding double jeopardy is "akin" to an affirmative defense and is deemed waived if not timely raised); Cardwell v. Commonwealth, 28 Va. App. 563, 566, 507 S.E.2d 625, 627 (1998) (holding a defendant who pleads "guilty without raising a double jeopardy issue . . . has waived his right to appeal that issue"). This Court will not invoke the "ends of justice" exception even assuming that the trial court violated the defendant's right against double jeopardy. See id. at 339-40, 597 S.E.2d at 280 (holding that even assuming, without deciding, that the trial court erred in violating the defendant's right against double jeopardy, the "ends of justice exception" does not apply because he failed to preserve the issue for appeal). Accordingly, we decline the invitation to invoke the "ends of justice exception," and we do not address Tinsley's first question presented.

---

wholly distinct crimes, are two entirely different propositions. Moreover, part of Tinsley's argument is essentially equivalent to a double jeopardy claim. However, as discussed above, the argument that the trial court convicted Tinsley three times for the same offense, in violation of his right against double jeopardy, is procedurally defaulted. See Rule 5A:18.

<u>B. Sufficiency of the Evidence</u>

When the sufficiency of the evidence is challenged on appeal, this Court reviews the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." <u>Bright v. Commonwealth</u>, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987). "The credibility of witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." <u>Sandoval v. Commonwealth</u>, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citations omitted). Ultimately, the conviction may not be disturbed "unless it is plainly wrong or unsupported by the evidence." <u>Sutphin v. Commonwealth</u>, 1 Va. App. 241, 242, 337 S.E.2d 897, 898 (1985).

i. Aggravated Sexual Battery

According to Code § 18.2-67.3, "[a]n accused shall be guilty of aggravated sexual battery if he or she sexually abuses the complaining witness," and "[t]he complaining witness is less than 13 years of age." "[S]exual battery is the intentional touching of the intimate parts of the complaining witness by the accused with the intent to sexually molest, arouse, or gratify either the complaining witness or the accused." <u>Garland v. Commonwealth</u>, 8 Va. App. 189, 191-92, 379 S.E.2d 146, 147 (1989) (citing Code §§ 18.2-67.3 and 18.2-67.10(6)(a)).

Here, Tinsley got on top of the victim, kissed her, and intentionally touched the victim by "put[ting] his thingy" up in her. The trial court found the victim to be a credible witness, and we cannot say that the trial court was clearly wrong in finding that these facts support a conviction for aggravated sexual battery. Accordingly, we affirm Tinsley's conviction for aggravated sexual battery.

## ii. Animate Object Sexual Penetration

According to Code § 18.2-67.2, "[a]n accused shall be guilty of inanimate or animate object sexual penetration if he or she penetrates the labia majora or anus of a complaining witness, whether or not his or her spouse, other than for a bona fide medical purpose . . . and the complaining witness is less than 13 years of age." E.g., Jett v. Commonwealth, 27 Va. App. 759, 501 S.E.2d 457 (1998).

Here, the evidence proved that Tinsley put his penis "up in" the victim. Based upon the trial court's assessment of the witness' credibility, we cannot say that the trial court was plainly wrong in finding this evidence sufficient to prove that Tinsley penetrated the victim's vagina. Accordingly, we affirm Tinsley's conviction for animate object sexual penetration.

## iii. Statutory Rape

According to Code § 18.2-61, "[I]f any person has sexual intercourse with a complaining witness, whether or not his or her spouse . . . with a child under age 13 as the victim, he or she shall be guilty of rape." "'Penetration by a penis of a vagina is an essential element of the crime of rape; proof of penetration, however slight the entry may be, is sufficient.'" Johnson v. Commonwealth, 259 Va. 654, 682, 529 S.E.2d 769, 785 (2000) (quoting Elam v. Commonwealth, 229 Va. 113, 115, 326 S.E.2d 685, 686 (1985)). This element can be established by the testimony of the victim "unless such testimony is inherently incredible or so contrary to human experience or usual human behavior as to render it unworthy of belief." Kehinde v. Commonwealth, 1 Va. App. 342, 345, 338 S.E.2d 356, 357 (1986) (citation omitted). Moreover, as this Court has previously stated, "it cannot be expected that children will know enough to use the word 'vagina,' nor is such specificity required. It is enough if the trier of fact can reasonably infer from the evidence adduced where the penetration took place." Id. at 346, 338 S.E.2d at 358.

Here, the victim's testimony established that Tinsley got on top of her. When asked what he did next, the victim testified that Tinsley "started to hump [her]." When asked to clarify, she stated that Tinsley "put his thingy up in [her]." She then stated that "his thingy" referred to the body part "he pees out of." The victim further indicated that Tinsley put his penis "where [she] pee[s] out of," which is located at her "bottom." Based on this evidence, we cannot say that the trial court was plainly wrong in finding that Tinsley penetrated the victim's vagina with his penis and, thus, was guilty of rape. Accordingly, we affirm Tinsley's conviction of statutory rape.

CONCLUSION

Because Tinsley failed to raise his double jeopardy claim at trial, and because the "ends of justice" exception does not apply, we do not address Tinsley's first argument. We hold that the evidence was sufficient to sustain Tinsley's convictions and, thus, that the trial court did not err in convicting him of aggravated sexual battery, animate object sexual penetration, and statutory rape, in violation of Code §§ 18.2-67.3, 18.2-67.2, and 18.2-61, respectively. Accordingly, we affirm.

<u>Affirmed.</u>