COURT OF APPEALS OF VIRGINIA

Present:  Judges McClanahan, Petty and Beales
Argued at Salem, Virginia


JACKIE DALE SLATE

                                                    MEMORANDUM OPINION* BY
v.      Record No. 0702-07-3                        JUDGE WILLIAM G. PETTY
                                                         MARCH 11, 2008
COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF THE CITY OF BRISTOL
                            Larry B. Kirksey, Judge

            James R. Henderson, IV (Tamara C. Neo; Cook and Neo, PLLC, on
            brief), for appellant.

            Gregory W. Franklin, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Following a jury trial, appellant, Jackie Dale Slate, was convicted of eight counts of rape of

a child less than thirteen years of age, in violation of Code § 18.2-61, and seven counts of carnal

knowledge of a child between the age of thirteen and fifteen, in violation of Code § 18.2-63.  The

jury imposed sentences of ten years for each count of rape and five years for each count of carnal

knowledge, to be served consecutively, for a total of 115 years.

        Slate now challenges his convictions, raising three different issues:[1]  (1) whether there was

sufficient evidence to prove the element of sexual intercourse in seven of the rape convictions;

(2) whether there was sufficient evidence of penetration in the six carnal knowledge convictions;

and (3) whether there was sufficient evidence to determine the victim's age at the time of the rape

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Slate raises a total of four issues, but because issues one and three involve the same
legal argument, we address them together as issue one.

offenses.[2]  As explained below, we affirm Slate's convictions for carnal knowledge and reverse seven of his rape convictions.[3]  We reverse and dismiss the challenged rape convictions because the Commonwealth failed to prove the required element of sexual intercourse; thus, we need not address the sufficiency of the evidence to prove the victim's age at the time of the offenses. Accordingly, we affirm in part and reverse and dismiss in part.

## I. BACKGROUND

Under settled principles, we review the evidence in the light most favorable to the Commonwealth, the party prevailing below.  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  That principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom."  Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and citation omitted).  The victim and Slate first met in 1999, when she was nine years old.[4]  At the time, Slate was dating the victim's mother.  Shortly thereafter, Slate moved in with the victim and her family, and he became "like a father figure" to the victim.  On April 10 and 11, 2002 the victim's mother went out of town for a family emergency and left the victim and the victim's sister in Slate's care.  The victim described how Slate raped her while she was left in his care:

> [Commonwealth's attorney:]  Can you explain to the jurors what happened?

---

[2] Slate concedes that the evidence supports his rape conviction under Count VIII of the indictment.  Count VIII relates to the April 10-11, 2002 rape.

[3] It is unclear from Slate's petition for appeal and his brief whether he appeals his conviction for carnal knowledge under Count XV of the indictment.  Count XV relates to Slate engaging in intercourse with the victim in June 2005 when she was fourteen years old.  Both on brief and at oral argument, Slate conceded that the evidence was sufficient to support this conviction.  Accordingly, we affirm this conviction as well.

[4] The victim's birth certificate was entered into evidence at trial without objection.  It shows that she was born in December 1990.

[Victim:] Yes, ma'am. One night – it was nighttime and it was in [Slate's] bedroom and we had intercourse and I remember this because I was sore . . . .

* * * * * * *

[Commonwealth's attorney:] And I know, like I said, I know this is difficult. You said you had intercourse. What do you mean by that?

[Victim:] He put his private into mine.

[Commonwealth's attorney:] Okay. When you say "his private," are you referring to his penis?

[Victim:] Yes, ma'am.

[Commonwealth's attorney:] And when you say that he put it into yours, what are you referring to?

[Victim:] My vagina.

[Commonwealth's attorney:] And there was actual penetration?

[Victim:] Yes, ma'am.

A short time later, when the victim was still eleven years old, Slate performed oral sex on her. At trial, the following colloquy took place during the victim's testimony:

[Commonwealth's attorney:] Now did anything like [the April 10th or 11th incident] ever happen again . . . .?

[Victim:] Yes, ma'am.

[Commonwealth's attorney:] Okay. Can you please explain to the jury?

[Victim:] It was after this April 10th or 11th incident. It was on a couch and it was sunny outside and it was oral.

[Commonwealth's attorney:] [C]an you please explain to the jury what you mean by [oral]?

[Victim:] He put his tongue on my private.

[Commonwealth's attorney:] Okay. And when you say your "private," are you referring to your vagina?

[Victim:] Yes, ma'am.

- 3 -

The victim testified that, following the later incident, her family moved to a new home. Slate moved with them. The Commonwealth's attorney asked the victim if Slate continued to have sexual relations with her at the family's new home. The victim stated that he did, and testified as follows:

> [Commonwealth's attorney:] Now, you just described two instances of something that had happened at the Crockett Street address. Did anything like that happen at the Ventura Circle address?
>
> [Victim:] Yes, ma'am.
>
> [Commonwealth's attorney:] And how often?
>
> [Victim:] Very often. It was every month, once every month.
>
> [Commonwealth's attorney:] And what occurred at least every month?
>
> Victim: One time . . . we had oral sex.
>
>            *   *   *   *   *   *   *
>
> [Commonwealth's attorney:] And you said that you had oral sex on that time and you said it happened a lot, at least maybe once a month. What do you mean by "it happened" . . . ?
>
> [Victim:] Oral or intercourse sex.

The victim testified that this pattern continued until Slate moved out of her mother's home. The victim testified that the crimes occurred at the family home, which Slate shared with the victim, her sister, and her mother. The Commonwealth did not present any other evidence regarding the frequency or nature of the crimes.

II. ANALYSIS

A. Standard of Review

When considering the sufficiency of the evidence presented at trial, we "presume[] [a jury verdict] to be correct" and will not disturb it unless it is "'plainly wrong or without evidence to support it.'" Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005) (quoting

- 4 -

Code § 8.01-680). The credibility of the witnesses, the weight accorded testimony, and the

inferences drawn from proven facts are matters to be determined by the fact finder. Long v.

Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

### B. Rape Charges

Slate bases his argument regarding the Ventura Circle rape convictions on the victim's

description of the relevant acts as consisting of either oral sex *or* intercourse. He reasons that

because the victim did not specify which type of sexual act occurred, and because an act of oral sex

is not punishable as rape, see Code § 18.2-61,[5] the evidence presented at trial is not sufficient to

support his convictions for seven counts of rape.

The crime of rape requires proof that the defendant engaged in sexual intercourse with the

victim. Code § 18.2-61; see also Elam v. Commonwealth, 229 Va. 113, 115, 326 S.E.2d 685, 686

(1985) (Penetration of the male sexual organ into the female sexual organ "is an essential element

of the crime of rape[.]").[6] Further, it is well settled that the victim's testimony alone is sufficient to

support a finding of penetration and a rape conviction unless it is "inherently incredible or so

contrary to human experience or usual human behavior as to render it unworthy of belief."

Willis & Bell v. Commonwealth, 218 Va. 560, 563, 238 S.E.2d 811, 812-13 (1977); see also

Kehinde v. Commonwealth, 1 Va. App. 342, 348, 338 S.E.2d 356, 359 (1986).

Here, the victim described a rape that took place on April 10 or 11, 2002, and she correctly

defined the term intercourse when asked by the prosecutor. Slate concedes that this evidence is

---

[5] Code § 18.2-61(A) states, in pertinent part: "If any person has *sexual intercourse* with a complaining witness, [who is] a child under age 13 as the victim, he or she shall be guilty of rape." (Emphasis added).

[6] Slate argues that Count VII of the indictment, alleging rape occurring on, about, or between April 1, 2002-April 30, 2003 refers to an act of oral sex the victim described as happening shortly after the rape of April 10 or 11, 2002. At oral argument, the Attorney General agreed that the record does not support a finding of guilt on Count VII.

sufficient to prove rape. However, as to the remaining seven counts, Slate argues that there was insufficient evidence to prove that he engaged in sexual intercourse with the victim because the victim failed to distinguish whether the acts were "oral or intercourse sex."

The victim's testimony in this case, while credible, is simply incomplete. The victim testified that after she and Slate moved to the Ventura Circle address they had *either* "oral sex or intercourse sex" at least once a month.[7] This testimony establishes that on an unknown number of occasions Slate had some kind of sexual involvement with the victim. However, the prosecutor did not elicit any further information from the victim (or from any other source) that would allow the jury to infer what type of sexual activity occurred each time. In other words, while the occurrence of several sexual acts may have been established, the nature of the sexual activity—punishable under separate statutes—is completely speculative.[8] Thus, the jury had no evidence from which it could reasonably infer how many times Slate had sexual intercourse with the victim at the Ventura Circle address. See, e.g., Carter v. Commonwealth, 16 Va. App. 118, 127, 428 S.E.2d 34, 42 (1993) ("[E]ach act of intercourse constitutes a distinct and separate offense.").

We recognize the difficulty in ascertaining such information from child victims. See generally Clinebell v. Commonwealth, 3 Va. App. 362, 366, 349 S.E.2d 676, 678-79 (1986) ("[A] case [involving a sexual offense by an adult against a child] need not be dismissed where there is an

---

[7] While it is clear that the victim moved from Crockett Street to Ventura Circle after the April 2002 incident, the record does not establish exactly when this occurred. The record also does not establish even an approximate date when the appellant ceased living with the victim and her mother. The most we can glean from the record is that by December 2004 (a year after the victim's thirteenth birthday) the mother was "involved with" another man and that Slate had moved out.

[8] Oral sodomy on a child under the age of thirteen is punishable under the forcible sodomy statute, Code § 18.2-67.1(A) ("An accused shall be guilty of forcible sodomy if he or she engages in cunnilingus, . . . with a complaining witness [who is] less than 13 years of age . . . ."). Charges under this statute are conspicuously absent from the indictment against Slate.

- 6 -

impossibility of ascertaining the date of the offense or where the prosecutor proves the offense occurred at a time different than that alleged in the indictment." (citations omitted)), aff'd in pertinent part, 235 Va. 319, 368 S.E.2d 263 (1988). However, it remains the Commonwealth's responsibility to prove each element of each offense charged beyond a reasonable doubt. Powers v. Commonwealth, 211 Va. 386, 388, 177 S.E.2d 628, 629 (1970). Here, the Commonwealth provided no evidence at trial, circumstantial or direct, from which the jury could find that seven rapes occurred. There was only evidence of one rape.

When evidence is insufficient to convict, the appellant is entitled to an acquittal because "a remand for retrial would violate the Constitution's prohibition against double jeopardy." Velazquez v. Commonwealth, 263 Va. 95, 106, 557 S.E.2d 213, 220 (2002) (citing Burks v. United States, 437 U.S. 1, 18 (1978)). Hence, we must reverse and dismiss the seven rape charges that were unsupported by the evidence.

## C. Carnal Knowledge Charges

In contrast with his argument regarding the sufficiency of the evidence to support the rape charges, Slate's argument regarding the sufficiency of the evidence to support the carnal knowledge charges is extremely narrow. Slate's only contention both on brief and at oral argument was that the victim's testimony that he placed his tongue "on" her vagina is insufficient to establish the acts of cunnilingus necessary to support his convictions for six counts of carnal knowledge. For the reasons stated by our Supreme Court in two cases consolidated on appeal, Horton v. Commonwealth and Newby v. Commonwealth, 255 Va. 606, 499 S.E.2d 258 (1998), we disagree.

In Horton and Newby, our Supreme Court delineated precisely the evidence of penetration necessary to support a conviction for carnal knowledge by cunnilingus in two cases involving testimony similar to that before us. There, the one victim testified that Horton "licked" her vagina, while the other victim testified that Newby "put his mouth on [her] vaginal area . . . ." Id. at 610,

- 7 -

611, 499 S.E.2d at 259. Our Supreme Court affirmed the convictions because the juries could have reasonably inferred from the victims' testimony that sufficient penetration occurred. Id. at 612-13, 499 S.E.2d at 261 ("Penetration of any portion of the vulva is sufficient to prove . . . cunnilingus."); see also Love v. Commonwealth, 18 Va. App. 84, 88, 441 S.E.2d 709, 712 (1994) ("[I]nsertion of the defendant's tongue into the victim's vagina need not be shown to prove cunnilingus.").

Here, the victim testified that Slate put his tongue "on" her vagina. This testimony is indistinguishable from the testimony that our Supreme Court found sufficient to support a finding of cunnilingus in Newby. Thus, we see no reason to disturb the jury's determination that Slate is guilty of six counts of carnal knowledge.

### III. CONCLUSION

For the reasons stated above, we affirm all of Slate's convictions for carnal knowledge, and we affirm his conviction of rape under Count VIII. We reverse and dismiss his convictions for rape under Counts I through VII.

Affirmed in part,
reversed and dismissed in part.

Beales, J., concurring.

I join in the Court's opinion. Because the Commonwealth in this case completely failed to prove the most basic elements for the crime of rape under Code § 18.2-61(A)(iii) -- the subsection of the statute under which the Commonwealth chose to indict appellant for each of the rape convictions in this case -- this Court is left with no choice but to reverse the convictions of appellant for rape of this young girl when the family was living at the Ventura Circle house.[9]

As the Court's opinion notes, of the various crimes for which appellant could have been indicted, the Commonwealth chose to move forward on charges under Code § 18.2-61(A)(iii). Under that subsection of the statute, the Commonwealth concedes it must, by the nature of that statute, prove that the victim's age was less than thirteen years at the time of the incident *and* prove that sexual intercourse, as opposed to a different type of sexual assault, occurred. The Commonwealth put on evidence that all of Counts I through VI for rape in the indictment occurred after the family moved to the Ventura Circle address. However, as the Attorney General noted at oral argument, the record from the trial court shows that the Commonwealth put on absolutely no evidence in the trial court as to when the family moved to the Ventura Circle house. Therefore, the Commonwealth failed to show whether the family moved to this address before or after the victim turned thirteen years of age in December 2003. As the Commonwealth

---

[9] In addition to the six indictments for rape at the Ventura Circle house, the Commonwealth likewise indicted appellant for rape under Code § 18.2-61(A)(iii) for another sexual offense appellant committed against this same young girl (while they were living at the Crockett Street house). However, the Attorney General has conceded on appeal the evidence did not prove rape occurred in this particular instance. The Attorney General has effectively asked this Court to reverse this conviction (Count VII of the indictment) because the evidence was insufficient for a conviction for the crime for which the Commonwealth chose to indict appellant. Therefore, out of all of the eight rape indictments brought against appellant, the Commonwealth put forward sufficient evidence to prove only one of these crimes (i.e., Count VIII of the indictment for the rape that occurred on April 10-11, 2002 at the Crockett Street house while the victim's mother was out of town taking care of a family emergency), and we are, therefore, compelled to reverse the other seven convictions for rape.

presented no other evidence to indicate the child's age at the time of these incidents, an essential element of the crime for which appellant was charged remained unproven.

Furthermore, the Commonwealth also failed to prove appellant had sexual intercourse with the victim as opposed to another type of sexual contact despite the fact that, under Code § 18.2-61(A)(iii), the Commonwealth must specifically prove that the act was sexual intercourse and not another type of sexual contact in order to convict a defendant. The Commonwealth elicited testimony that there was oral sex *or* sexual intercourse between appellant and the victim at least once a month after the family moved to the Ventura Circle address. However, the Commonwealth did not offer any evidence to prove, even if the family moved to the Ventura Circle home before the victim turned thirteen, that the sexual intercourse that happened there occurred before she turned thirteen. In short, while the Commonwealth could have charged appellant with forcible sodomy or rape under other subsections of the statute criminalizing rape regardless of the age of the victim, the Commonwealth instead prosecuted the rape charges only under subpart (A)(iii), where it must prove appellant had sexual intercourse with the victim before she turned thirteen -- and then simply failed to put on evidence to show that (1) the victim actually was under thirteen at the time of the incidents at the Ventura Circle house or, (2) even if she was under thirteen, whether the nature of the sexual activity satisfied the mandatory elements of the statute under which appellant was charged. While the victim testified well (and the trial court clearly found her a very credible witness), the Commonwealth simply failed to elicit the evidence from her or others to prove the elements of the particular crime for which the Commonwealth decided to prosecute appellant.

Therefore, we are left with no choice but to reverse these six convictions for rape of a victim under the age of thirteen.[10]

---

[10] On the contrary, there is ample evidence in the record to affirm the conviction of appellant for the rape on April 10-11, 2002 that occurred at the house on Crockett Street because the victim's testimony indicated the date(s) of the attack (which shows she was under the age of thirteen at the time) and her testimony showed that appellant forced himself on her through outright sexual intercourse, which satisfies the other mandatory element for a conviction of rape under this particular statute.